Henry Clay Greenberg, J.
This motion is in all respects denied. It is abundantly clear that the Board of Elections has the power to correct its own errors or mistakes (cf. People ex rel. Finnegan v. McBride, 226 N. Y. 252) and the act of the Chief Clerk in correcting his own error is in the circumstances deemed to be the act of the Board of Elections. Obviously, having the authority under the Election Law to effect a transfer of enrollment, by parity of reasoning the Chief Clerk has the power and authority to rectify a mistake in relation to enrollment.
The only remaining question is: did the Clerk commit an error in transferring the enrollment of the petitioner. He resided at 142 West 11th Street, New York County, prior to October 1, 1959 and was a duly qualified voter and enrolled Democrat registered from said address which is located in the 25th election district of the 1st Assembly District. On October 1, 1959 he moved from 142 West 11th Street to 10 Downing Street, located in the 5th election district of the same Assembly District. He did not register during the period for local registration from 10 Downing Street on the days for local registration for the general election in 1959, nor did he vote at the general election that year. Local registration in 1959 was taken on October 8, 9 and 10, and the general election was held on November 3.
On March 9, 1960 petitioner appeared at the Board of Elections and registered centrally at which time he purported to transfer his enrollment from his prior address. An appropriate notation was thereupon made by a clerk of the Board of Elections to the effect that the enrollment had been transferred to the 5th election district in which the new residence is located.
On May 10,1960 the Board of Elections notified the petitioner that the purported transfer of enrollment was void, it being unauthorized under the Election Law, and that the Board of Elections’ records had been marked accordingly.
*1076 The conclusion of the court is as follows:
1. When petitioner, on October 1,1959, moved from West 11th Street, he ceased to be a qualified voter in the 25th election district (Election Law, § 150).
2. When, on October 1, 1959, he moved to 10 Downing Street, he became a qualified voter of the 5th election district. This is so because he would “be on the day of election ”— November 3, 1959 — ‘ ‘ for the last thirty days a resident of the election district” (Election Law, § 150).
- 3. Notwithstanding that he was thus a qualified voter in the 5th election district, and eligible to register and enroll during local registration on October 8, 9, 10, 1959 in said election district, he chose not to do so.
4. Thus, by his removal from the 25th election district, and his failure to reregister in the 5th election district, during local registration, he was left without any registration at all. This is so even under permanent personal registration (Election Law, § 352).
5. In order to thereafter restore his registration, it was necessary for him to reregister from the 5th election district (Election Law, § 407). He did reregister on March 9, 1960, by going to the Board of Elections and registering centrally. Such reregistration, however, had no retroactive effect. It did not restore to him the duties, rights and privileges of a registered voter, which he allowed to lapse between October 1, 1959 and March 9,1960. Such reregistration merely gave him duties, rights and privileges in futuro — it made him “ qualified to vote at the election for which such registration is made ” (Election Law, § 150) .
6. There is no such thing as enrollment unless it is based on valid registration (Election Law, § 369; cf. Election Law, §§ 173, 174). If registration falls, or lapses, or becomes nonexistent, the enrollment based thereon dies with it (Matter of Rhatigan v. Power, N. Y. L. J., Aug. 31, 1953, affd. 282 App. Div. 838, affd. 306 N. Y. 551; Wexler v. Power, 123 N. Y. S. 2d 757; see, also, Matter of Cohen v. Heffernan, 187 Misc. 303, affd. 271 App. Div. 751, affd. 296 N. Y. 626).
7. Section 386 of the Election Law is not here determinative. It must be construed in conjunction with section 187 of the same law. In this posture, the petitioner may not claim that a valid transfer was made. He had an opportunity to reregister, but failed to take advantage of the course open to him.