### (May 27, 1960)

■ In the Matter of CURTIS ROOSEVELT against JAMES M. POWER et al., Constituting the Board of Elections of the City of New York. In the Matter of CURTIS ROOSEVELT et al. against JAMES M. POWER et al., Constituting the Board of Elections of the City of New York.— Motion for leave to have the appeals forthwith heard on the original records and upon typewritten appellants' points granted. Concur — Botein, P. J., Breitel, Rabin, McNally and Stevens, JJ.

■ In the Matter of CURTIS ROOSEVELT, Appellant, against JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, et al., Respondents. In the Matter of CURTIS ROOSEVELT et al., Appellants, Each in His Own Behalf and on Behalf of Persons Similarly Situated, against JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, et al., Respondents.— Order denying petitions in article 78 proceedings to direct Board of Elections in respect to the enrollment of Curtis Roosevelt and to validate petitions for certain designations unanimously reversed, on the law, and the motions granted, without costs. While it is true that earlier statutes still in effect are to be read together with the new statutes which put into effect permanent personal registration, it is also true that the new provisions must be interpreted in the light of the purpose of such permanent registration. It is obvious that so long as there is facility of reregistration there is intended a parallel facility of transfer of enrollment. This is borne out by the provisions of section 386 of the Election Law. Such section provides explicitly for transfer of enrollment after removal and imposes no other condition except that the voter register from his new residence address. This is further sustained by the amendments to section 187 of the Election Law, adopted also in 1954, with the enactment of provisions for permanent registration. These make clear that there should be a facility of enrollment to mesh with the provisions for equally facile registration and reregistration. Concur — Botein, P. J., Breitel, Rabin, McNally and Stevens, JJ.

■ ELIZABETH A. WILDE v. RUSSELL H. WILDE.— Motion for stay denied, with $10 costs. Concur — Botein, P. J., Breitel, McNally, Stevens and Noonan, JJ.

■ In the Matter of ANITA MORRIS against WILLIAM S. HULTS, as Commissioner of the Bureau of Motor Vehicles.— Motion for stay denied but the proceeding is added to the Enumerated Calendar of this court for the June 1960 Term and placed at the foot of the Day Calendar for June 10, 1960. The printing of the record of the proceeding and petitioner's and respondent's points is dispensed with and said proceeding shall be heard upon the original record and upon typewritten petitioner's and respondent's points on condition that the petitioner serves one copy of the petitioner's typewritten points upon the Attorney-General and files six copies thereof, together with the original record, with this court on or before May 31, 1960, with notice of argument for the June 1960 Term. The respondent's points are to be served and filed on or before June 7, 1960. Concur — Botein, P. J., Breitel, McNally, Stevens and Noonan, JJ.

■ JAMES CAESAR v. PETER R. KUHN et al.— Motion for stay denied, with $10 costs. Concur — Botein, P. J., Breitel, McNally, Stevens and Noonan, JJ.

■ WILFRID PELLETIER v. MILDRED MOONEY et al.— Motion for stay granted and all further proceedings under the order appealed from are stayed pending the hearing and determination of the appeal on condition that the appellant procures the record on appeal and appellant's points to be served and filed on or before May 31, 1960, with notice of argument for June 7, 1960,