## (September 8, 1965)

■ In the Matter of DONALD J. SULLIVAN et al., Respondents, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, et al., Respondents, and ANNA T. WITHEY, Appellant.— Order, entered on September 7, 1965, reversed, on the law, without costs or disbursements, and the designating petition of appellant as candidate for the Democratic party nomination for Judge of the Civil Court of the City of New York from the 2d Municipal Court District, County of Bronx, validated. The subscribing witnesses, Moore and Kelly, on their respective registrations in 1964, became "enrolled voters" of the Democratic party which is "the same political party as the voters qualified to sign the petition". (See Election Law, § 135, subd. 3.) Thereafter, they changed their respective residences to places in election districts other than the districts in which they were registered. Following such changes of residence, their respective enrollments, though subject to cancellation for nonresidence (Election Law, § 332) have not been cancelled. In any event, they were entitled to transfer their respective enrollments upon registration in the districts to which they had moved. They had until 30 days preceding the primary to do this. (Election Law, § 386.) The petitions here were filed prior to said 30-day period. It is true that a "transfer of enrollment" by Kelly and Moore, if duly applied for, would have been ineffective until primary election (Election Law, § 386), but this is immaterial. (See *Matter of Wallace* v. *Power*, 10 N Y 2d 790.) They were, nevertheless, "enrolled voters" of the Democratic party as of the time of the obtaining and witnessing of the signatures and the subscribing of their respective authenticating statements, and as of the time of the filing of the petitions; and, as afore-noted, had 30 days prior to the primary to effectuate a "transfer of enrollment". *Matter of Roosevelt* v. *Power* (22 Misc 2d 1075, revd. 10 A D 2d 943, revd. and order of Special Term affd. 8 N Y 2d 869) and *Matter of Aiello* v. *Power* (9 Misc 2d 523, affd. 4 A D 2d 833, affd. 3 N Y 2d 892) cited by petitioners-respondents are not in point. The Referee has found that the valid signatures to the petitions witnessed by Moore numbered 71 and that the valid signatures to the petitions witnessed by Kelly numbered 111. When these signatures are added to the 718 other signatures found to be valid by the Referee, the petitions do contain substantially more than the 750 signatures required for a designating petition for the particular office. The Referee does find that the designating petitions contain genuine signatures of far more than the requisite number of duly enrolled and qualified voters and the court, with due regard to the provisions of the Election Law, should give full effect to the voters' intent to designate the candidate of their choice for the particular office. A liberal construction of the pertinent provisions of the Election Law, and particularly the provisions of section 135 with reference to the qualifications of a subscribing witness (read as a whole and construed with due regard to the other provisions of said law) justifies the determination here. Concur — Breitel, J. P., Stevens and Eager, JJ.; Rabin and Valente, JJ., dissent in the following memorandum: We dissent and vote to affirm on the ground that there has been no demonstration as to the number of signatures validly obtained by the subscribing witness Kelly after the transfer of the enrollment on August 7, 1965 and as to the number of invalid signatures procured before that date. Those signatures obtained before August 7, 1965 are invalid and must be rejected. (See *Matter of Roosevelt* v. *Power*, 22 Misc 2d 1074; *Matter of Wallace* v. *Power*, 10 N Y 2d 790.) Since no separation can be made of those tainted signatures, the whole petition, fatally infected, must be rejected.