Memorandum.
The order appealed from should he affirmed, without costs.
Petitioner, an enrolled Democrat for many years, voted in the 1967 general election. Between Jahuary, 1967 and March, *322 1968 he moved from one residence to another within the 11th Senate District. He testified that on March 28,1968 he appeared before the Board of Elections and requested a transfer of his enrollment to his new address. Both addresses were within Queens County. He was entitled to have this transfer of enrollment made within the provisions of the Election Law (§ 187, subd. 8). The board furnished him, however, with a form which called for a new enrollment and he signed the forms thus officially presented to him. This would usually apply to a situation where a registration has lapsed because of a failure to vote and the enrollment lapsed with it. In such case, as the court holds today (Matter of O’Connor v. Power, 22 N Y 2d 772; Matter of Sims v. Board of Elections, 22 N Y 2d 755), the lapsed enrollment is not reinstated until after the next general election. Here, additionally, the prior enrollment of the petitioner which continued until changed or until it lapsed pursuant to law was not cancelled by the Board of Elections until after May 14, 1968 when petitioner filed a designating petition for the Democratic nomination for Senator in the 11th Senate District. The case is distinguishable, therefore, from the cases of lapsed party enrollment due to failure to exercise the franchise. Petitioner’s enrollment continued through the time of the filing of the designating petition which is thus valid.
Chief Judge Fuld and Judges Bergan, Keating, Breitel, Jasen and Koreman* concur in Memorandum; Judge Scileppi dissents and votes to reverse and deny petitioner’s application on the dissenting memorandum at the Appellate Division.
Order affirmed.

 Designated pursuant to section 2 of article VI of the State Constitution in place of Burke, J., disqualified.