OPINION OF THE COURT
Loren N. Brown, J.
This is a proceeding brought pursuant to CPLR article 78 to annul a determination of respondents, which treated the *549 petitioner’s application for enrollment in a political party as either a change of enrollment (Election Law § 5-304), or as an application for a transfer of registration and enrollment (Election Law § 5-208), and to direct the respondents to accept the petitioner’s application for enrollment as a new registration, effective immediately upon acceptance of the registration, rather than after the general election.
In February of 1988, the petitioner was an enrolled Republican residing in Schenectady County. In April of 1988, he moved to his current address in Waterford, Saratoga County. In May of 1988 the petitioner applied by mail to the Saratoga County Board of Elections for a new registration, this time changing his party enrollment to Democratic. In June of this year the Board of Elections informed the petitioner that his application to register to vote and his party enrollment had been approved, but that the new party enrollment would be effective only after the November election. This proceeding to compel the respondents to treat the party enrollment as immediately effective followed.
A newly registered voter who enrolls in a political party is immediately eligible to vote in that party’s next primary. (Election Law § 5-302.) When an already registered voter seeks to change his or her enrollment by changing enrollment from one party to another, by deleting his or her enrollment in a party, or by enrolling in a party when previously not enrolled, the change does not become effective until the first Tuesday following the next general election. (Election Law § 5-304.) The petitioner contends that his relocation to Saratoga County terminated his registration as a voter, and that after his application and acceptance in Saratoga County, he should have been considered an unregistered voter whose enrollment in the Democratic Party would immediately be effective.
The court finds that the respondent properly treated the application as a transfer of registration (Election Law § 5-208), and as a transfer of enrollment (Election Law § 5-208), and as a change of enrollment (Election Law § 5-304). The court rejects the petitioner’s contention that he, at his option, may either decide to apply to transfer his registration, thus being subject to a delay in the effective date of his change in party enrollment, or treat his Saratoga County registration as an entirely new registration and party enrollment, not subject to delay. The petitioner’s options were to seek to transfer his registration, or let his registration lapse entirely. By promptly *550 registering in Saratoga County, he effectively transferred his prior registration without letting it lapse.
The case of Matter of Roosevelt v Power (22 Misc 2d 1074, revd 10 AD2d 943, revd to reinstate decision of Special Term 8 NY2d 869) is inapposite. In Roosevelt, the registrant was indeed a nonregistered voter because, by not reregistering promptly in his new election district after changing residences, he had allowed his registration to lapse. (See also, Matter of Weber v Power, 22 NY2d 321.)
The petition is dismissed.