In the Matter of WALTER BERGNER, Appellant, v. WILLIAM D. MEISSER et al., as Commissioners of the Board of Elections of Nassau County, Respondents, and FRANCIS BRENNAN et al., Respondents.—

Beldock and Ughetta, JJ., concur; Nolan, P. J., concurs for the reasons stated by him in *Matter of Bergner* v. *Meisser* (14 A D 2d 598). Kleinfeld and Pette, JJ., dissent and vote to reverse the order and to remit the proceeding to the Special Term for hearing and determination of the issues arising thereon, for the reasons stated by them in their dissenting memorandum in *Matter of Bergner* v. *Meisser.*

In the Matter of JACK A. BORNSTEIN, Respondent, v. COMMISSIONERS OF THE BOARD OF ELECTIONS OF WESTCHESTER COUNTY, Respondents, and ANTHONY DE ESSO et al., Appellants.—

The findings of facts insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. Beldock, Kleinfeld and Pette, JJ., concur: Although the proof shows that appellant has two residences, one in Mount Vernon and the other in Eastchester, it is our opinion that the weight of the evidence supports a finding that appellant never changed his domicile from Mount Vernon and that he has been a resident elector of that city for more than three years prior to the forthcoming election. Appellant was born in Mount Vernon 52 years ago, and registered and voted only in Mount Vernon since the time he was first eligible to register and vote. For many years he was in the construction business with his brother in Mount Vernon and maintained his office in property of which he is a part owner. When that business was dissolved, he entered the restaurant, bar, and cocktail lounge business in Mount Vernon. Testimony credited by Special Term was to the effect that appellant has continuously shared a five-room, two-bedroom apartment with a widowed sister in a building in Mount Vernon of which he is a part owner, in which apartment he sleeps three or four nights a week, and that he contributes $50 a month out of the $65 monthly rental for the apartment. On occasion appellant's wife and son stay in that apartment. Appellant maintains all his social, business, and political activities in Mount Vernon, and not in Eastchester. Appellant had the right to select his domicile as between his Mount Vernon and Eastchester residences. The evidence supports the finding that he chose Mount Vernon as his domicile. (Cf. *Matter of Croen* v. *Bosco,* 2 A D 2d 696.) Nolan, P. J., and Ughetta, J., dissent and vote to affirm the order being of the opinion that the determination made at Special Term is supported by substantial evidence and may not be disturbed.