—In a proceeding to, inter alia, invalidate the petition designating appellant Helene E. Weinstein as a *941 candidate in the Democratic Party primary election to be held on September 12, 1978, for the public office of Member of the Assembly from the 41st Assembly District, the appeal is from a judgment of the Supreme Court, Kings County, dated August 21, 1978, which, after a hearing, granted the petition. Judgment affirmed, without costs or disbursements. The relief granted by Special Term is based on appellant Weinstein’s failure to comply with the 12-month residence requirement mandated by section 7 of article III of the New York State Constitution. Appellant argues that Special Term’s finding that she was not a resident for the required period (Nov., 1977 to Nov., 1978), in the Assembly District in which she seeks election, is against the weight of the evidence. We disagree. For election purposes, residence is defined as "that place where a person maintains a fixed, permanent and principal home and to which he, wherever temporarily located, always intends to return” (Election Law, § 1-104, subd 22). When, as here, a person maintains more than one residence, a designation must be made as to the "permanent and principal home”. In the majority of cases, this designation corresponds naturally and legally to the location with which an individual has the most substantial attachments. It is only where a person has legitimate and significant contacts with both residences that he has the choice as to the designation of his permanent residence. That choice must then be evidenced by consistent behavior of which the act of voting is but one example (Matter of Gallagher v Dinkins, 41 AD2d 946, affd 32 NY2d 839). In this case, appellant has not maintained significant contacts with her parents’ Brooklyn residence. The evidence presented at the hearing shows that the appellant moved to a Manhattan apartment on September 1, 1976, after signing a two-year lease in July, 1976. She furnished it and shared expenses with her roommate until she vacated it in April, 1978. Prior thereto, she had obtained a phone listing in the Manhattan directory. She swore that her Manhattan apartment was her permanent residence in her application for admission to the Bar in January, 1977. She reaffirmed that designation in her Brooklyn Bar Association application in March, 1977, and in her notary application in April, 1977. She applied for credit cards in the spring and summer of 1977 using her Manhattan address. She received her bills and professional mail at that apartment until June, 1978. The appellant has made a series of allegations to demonstrate significant contacts with Brooklyn. We limit ourselves to three. (For a complete evidentiary analysis, see the detailed opinion of Special Term.) She has maintained that she spent more time in her family’s home from September, 1976 through April, 1978 than in her Manhattan apartment. However, Special Term did not find that testimony credible. Since the evaluation of credibility is uniquely within the hearing court’s province, its assessment that the appellant merely made occasional overnight visits will not be disturbed on appeal (see Boyd v Boyd, 252 NY 422, 429). Secondly, appellant claimed she received mail in Brooklyn, but the mail consisted only of alumnae notices from her undergraduate university. She also offered a bank account listing the Brooklyn address, but the account was opened prior to her move to Manhattan and was a joint account with her father. Thus, we must conclude that Special Term’s decision is not against the weight of the evidence and it must be upheld. To establish a significant contact the minority relies on the fact that the appellant chose to continue to vote in Brooklyn after her move to Manhattan. However, the act of voting is relevant only to establish a "continuity of conduct” evidencing a choice which is permissible under the significant contacts test where a person has legitimate and significant contacts with two residences. The appellant does not have such a choice *942 here because Special Term found that she has failed to maintain significant contacts with her parents’ Brooklyn residence over the necessary 12-month period. Since we are affirming this determination, it is unnecessary to detail the lack of noticeable consistency in her actions, which has been amply described in Special Term’s decision. Mollen, P. J., Damiani and O’Connor, JJ., concur; Hopkins and Shapiro, JJ., dissent and vote to reverse and validate the petition, with the following memorandum: The evidence establishes that the candidate Helene E. Weinstein had two residences, one in Brooklyn and one in Manhattan. The center of her activities for many years and continuing until the present was her Brooklyn residence. She never voted anywhere but in Brooklyn and the statement in her application for admission to the Bar that her permanent residence was in Manhattan was fully explained by her testimony and is entirely credible. Under all the facts and circumstances of this case, we conclude that her voting domicile was in Brooklyn (see Matter of Bornstein v Commissioner of Bd. of Elections, 14 AD2d 599, affd 10 NY2d 795).