Joseph F. Hawkins, J.
Petitioners, described as duly registered and enrolled members of the Republican party, Town of Beekman, seek an order pursuant to section 335 of the Election Law, sustaining their challenge of the vote of the respondent, David C. Schoentag (Schoentag), at the Republican Primary Election of June 20, 1967; further, invoking subdivision 1 of section 331, to cancel Schoentag’s vote; and to compel the respondent Dutchess County Board of Elections (Board of Elections) to .strike his name from the roster of registered voters of Dutchess County.
The Board of Elections has countered with a cross motion to dismiss the petition on the grounds that the court lacks jurisdiction, both in rem and in personam, and for general insufficiency. Schoentag, in his answer, interposes some four separate and distinct defenses, one of which is that the petitioners’ remedy is to institute appropriate administrative proceedings with the Board of Elections.
The respondents refer to two prior — and not unrelated— proceedings directed against Schoentag. The first sought his removal from office as Supervisor of the Town of Beekman, alleging that he was not a resident of said town as required by *684 the Town Law. Mr. Justice Galloway dismissed that petition, holding that the proper remedy was by quo warranto and not by an article 78 proceeding.
The second of said prior proceedings sought to have Schoentag’s nomination by the Republican party for the office of County Executive invalidated and for one, Harold S. Ahrens, to be designated in substitution for the former. Mr. Justice Galloway, in disposing of that proceeding, dismissed the petition, ruling that the time limitations imposed by subdivision 1 of section 330 had not been observed.
Respecting the matter at bar, the Board of Elections asserts that the requisite statutory procedures whereby Schoentag’s vote could have been challenged were not availed of and that they are presently no longer available. That respondent further asserts that subdivision 1 of section 331, cited by petitioners, is inapplicable since permanent personal registration obtains in Dutchess County and, consequently sections 405 and 406 apply. _
_ The individual respondent, Sclioentag, argues in a similar vein; additionally; he contests the allegations respecting his residence, alleging that the time he spent outside Dutchess County was for temporary sleeping quarters but with no intent to change his domicile or residence in the Town of Beekman. He urges, further, that the statutory ‘ ‘ mail check ’ ’ of registrants has been duly received by the Board of Elections in accordance with section 394.
This court finds that the petitioners have failed to act within . the time limitations imposed by sections 330 and 332 of the Election Law. Accordingly, so much of the relief demanded as seeks the invalidation of Schoentag’s vote at the primary elections must be denied for lack of jurisdiction.
We now consider the respondents’ contention that section 398 provides the exclusive remedy available to challenge a registration since “ Any person ” may do so by executing and delivering to the Central Registration Board his affidavit setting forth the bases upon which such challenge is made. After so complying, it is then made expressly incumbent upon the Board of Elections forthwith to “ proceed with an investigation of the voter’s qualifications to remain registered”. The Board of Elections may then, by virtue of section 399, “call upon the sheriff or police department head in the county, cities, towns, and villages within its jurisdiction to assist in its investigations of registrations and it shall be the duty of such sheriff or police head to supply such assistance promptly.”
*685 From the foregoing, it appears quite clear that the Election Law, respecting the issue at bar, provides for efficacious administrative proceedings and investigations under the aegis of the Board of Elections; further, that their being invoked are conditions precedent to instituting any judicial proceedings. The requirements that a registrant be a duly qualified voter as of the date of the election ■ — and for some three months prior thereto — coupled with the administrative remedies provided, are persuasive that this court should not take cognizance of the instant proceeding unless and until the petitioners have exhausted the administrative remedies accorded them by the Election Law.
The petition is denied.