OPINION OF THE COURT
Elliott Golden, J.
In this proceeding petitioner moves to cancel respondent’s registration as a voter and enrollment as a member of the Democratic Party, and as a consequence thereof further seeks to have her removed from her political party position as a member of the Democratic State Committee. In support thereof petitioner primarily relies upon sections 16-110 and 2-110 of the Election Law, and the decisions of *343 both the Appellate Division, Second Department, and the Court of Appeals affirmance thereof relative to an earlier proceeding wherein it was held that respondent’s claimed residence as stated in her petition for election to the Community School Board was not her true residence. Respondent challenges the applicability both of those sections of the Election Law and those appellate decisions as well.
FINDINGS OF FACT
A hearing was held before me on November 7,1983, and November 9, 1983. The facts herein are not seriously at issue. The petitioner herein is a duly enrolled voter of the Democratic Party, having enrolled on July 12, 1982, and, accordingly, is authorized to institute these proceedings.*
On October 10, 1972, the respondent registered and enrolled as a member of the Democratic Party showing her then residence to be 6 East 57th Street, Brooklyn, New York. No challenge has ever been taken to that registration or enrollment. Thereafter, on September 23, 1982, ostensibly while still a resident at the 57th Street address, the respondent was elected to the party position of Member of the State Committee Female of the Democratic Party, State of New York, representing the 43rd Assembly District, Kings County. The said election was the next ensuing election held after an assembly district reapportionment (L 1982, ch 323). Furthermore, she was at that time a resident of Kings County, in which the 43rd Assembly District is contained, for the 12-month period immediately preceding said election.
On January 3, 1983, respondent reregistered and re-enrolled as a member of the Democratic Party showing her then residence to be 466 Albany Avenue, Brooklyn, New York. It is this registration and enrollment that is challenged in this proceeding.
Subsequent thereto, on March 7, 1983, the respondent filed with the Board of Elections a nominating petition for election to the District 17 Community School Board, which election was to be held on May 3,1983. A challenge to that nominating petition resulted in a ruling by the Appellate *344 Division, Second Department, that respondent was not a resident of 466 Albany Avenue, an address within the Community School Board District in which she was a candidate for office, at the time of the filing of that petition. The Court of Appeals affirmed the holding of the Appellate Division. (Matter of Gregory v Board of Elections, 93 AD2d 894, affd 59 NY2d 668.)
On May 9, 1983, and before the institution of these proceedings, the respondent again reregistered and re-enrolled as a member of the Democratic Party, claiming her residence to be 466 Albany Avenue, Brooklyn, New York. No challenge is made to that registration and enrollment.
CONTENTIONS OF THE PARTIES
Petitioner contends that by virtue of the determination of the Appellate Division and Court of Appeals that respondent was not a resident of 466 Albany Avenue, her registration and enrollment of January 3, 1983, must be canceled pursuant to subdivision 1 of section 16-110 of the Election Law, and, furthermore, that as a consequence thereof she must be removed from the party position she was elected to, by virtue of the residence requirements of section 2-110 of the Election Law.
Respondent, while acknowledging the aforesaid appellate determinations relative to the Community School Board election denies petitioner’s assertion that same mandates cancellation of her registration and enrollment or that she must relinquish her position as a member of the Democratic State Committee. Respondent contends that section 2-110 of the Election Law has no application to that party position; that she is presently a validly registered and enrolled Democrat, and that petitioner may not institute these proceedings without first resorting to the administrative remedies available under section 5-220 of the Election Law.
CONCLUSIONS OF LAW
Respondent’s claim that section 2-110 of the Election Law is not applicable to the case at bar is well taken. That section relates to the creation of committees other than State and county committees and more specifically to the *345 party positions of assembly district leader and associate assembly district leader. It does not prescribe the requirement for election to the State Committee; it is section 2-102 of the Election Law which sets forth the requirements for creation of, and membership to the State Committee.
Subdivision 2 of section 2-102 provides: “Each member shall be, at the time of his election and continuously thereafter, an enrolled member of the party and a resident of the unit from which he is elected except as hereinafter provided.”
The exception — one which has application to the facts in this case — is contained in subdivision 3 thereof, which provides: “To be eligible for election as a member of the state committee at the first election next ensuing after a readjustment or alteration of the units of representation becomes effective, a candidate must only have been a resident of the county in which the unit, or any part thereof, is contained for the twelve months immediately preceding the election.”
Accordingly, respondent’s election to the State Committee on September 23, 1982, while an enrolled Democrat by virtue of her unchallenged 1972 enrollment, was legally proper.
Petitioner now seeks to void that election in light of respondent’s subsequent reregistration and re-enrollment of January 3,1983, wherein the residence address given by her (466 Albany Avenue) and the subject of the Community School Board election litigation, was found not to be her residence. Petitioner reasons that the determination in that proceeding now mandates cancellation of her enrollment as a Democrat and, by parity of reasoning, her removal as a member of the Democratic State Committee. I do not agree.
Subdivision 1 of section 16-110 of the Election Law provides: “The supreme court, by a justice thereof within the judicial district, or the county court, by a judge within his county, in a proceeding instituted by a duly enrolled voter of a party, not later than the second Friday before a primary election, shall direct the enrollment of any voter with such party to be cancelled if it appears that any material statement in the declaration of the voter upon *346 which he was enrolled is false or that the voter has died or does not reside at the address on his registration record.”
This provision of law is an appropriate mechanism by which judicial proceedings may be instituted prior to a primary election (held in an even-numbered year, at which time such members are elected [Election Law, § 2-106]) to cancel the party enrollment of a voter on the grounds that a material statement in the declaration of the voter upon which he was enrolled is false or that he does not reside at the address on his registration record.
This section provides direct access to the judicial process by an enrolled voter to challenge the right of another person to vote for a party position at a forthcoming party election for the political party in which he claims to be enrolled. Respondent’s contention that petitioner may not avail himself of such direct access without first resorting to the administrative remedies provided for by section 5-220 of the Election Law is, to this court, not persuasive notwithstanding the contrary holding in the case of Matter of Holzberger v Schoentag (55 Misc 2d 683). Subdivision 1 of section 16-100 of the Election Law confers jurisdiction on this court “to summarily determine any question of law or fact arising as to any subject” set forth in that article “which shall be construed liberally.” In this court’s view “summary” jurisdiction means just that. The provisions of section 5-220, while available as another method of initiating a challenge to a voter’s registration is not the exclusive method therefor; nor as here the most desirable, inasmuch as that section of the Election Law does not allow for full resolution of the several various issues and challenges raised in this proceeding (e.g., the removal of a person elected to a party position).
Proceedings to cancel an enrollment under section 16-110 of the Election Law are prospective in nature, and are intended to prevent an unauthorized ballot from being cast at a forthcoming election. It does not have retroactive effect, and cannot, as herein sought, be invoked to cancel an enrollment nunc pro tunc, and thereby vitiate a hitherto unchallenged election. Respondent’s most current enrollment is unchallenged and, as such, she is presently presumed to be properly enrolled in the Democratic Party at a *347 residence within the assembly district from which she was elected to the State Committee.
Finally, and with all due deference to the appellate decisions in the Community School Board litigation, they are not controlling here. The issue in the School Board litigation related solely to the propriety of respondent’s claimed residence as being within the School Board District in which she sought election; the petitioner in that proceeding need not have been a duly enrolled Democrat so as to give him standing to institute a challenge to respondent’s registration or enrollment; and the court’s determination therein did not adjudicate or pass upon the propriety of either his registration as a voter or enrollment as a member of the Democratic Party.
Accordingly, the petition herein is denied in all respects.

 Evidence of this fact was not available at the time of the hearing. Such evidence was subsequently furnished, and was received pursuant to stipulation, and verifies that the petitioner was so enrolled with the Board of Elections under serial No. K 1068074.