FANNIE RUDERMAN, Plaintiff, v. STANLEY RUDERMAN, Defendant.

Supreme Court, Special Term, New York County, June 14, 1948.

*Charles Rothenberg* and *Louis T. Hiller* for defendant.

*Vincent J. Malone* and *James G. Bernheim* for plaintiff.

BENVENGA, J. In this action for absolute divorce, the question presented involves the validity and extraterritorial effect of a Mexican decree of divorce obtained by the defendant husband against the plaintiff wife.

Plaintiff and defendant were born and raised in the city of New York. They met in 1936 while they were still students. Defendant proposed, and they discussed marriage plans. In September, 1940, defendant went to Mexico on a tourist visa. He was later granted a student's visa renewable yearly.

In the summer of 1941, plaintiff, who was and has continued to be a school teacher in the public schools of the city of New York, took a vacation trip to Mexico and met the defendant by appointment. They were married in Mexico and lived there together for three days. She then returned to New York. Prior to their marriage and before leaving Mexico, defendant promised and represented that he would return to New York shortly thereafter.

In the following summer of 1942, plaintiff took another vacation trip to Mexico, and lived with the defendant for a few weeks. She again returned to New York. On this occasion, defendant renewed his promises to return to New York. She did not visit Mexico in 1943, but did so in April, 1944. She then lived with the defendant until September, after which she again returned to New York. On this occasion, defendant renewed his promises to return to New York, assuring her he would return by January, 1945, at the latest.

Meantime, in November, 1943, defendant had registered for military service under the Selective Training and Service Act of 1940. Then, in December, 1944, defendant obtained a Mexican decree of divorce in an action in which the plaintiff was not served with process and did not appear. Shortly thereafter he remarried, and in March, 1945, returned to the United States. He then entered the maritime service, and has since resided in New York with his second wife.

It is the well-settled policy of this State to refuse to recognize as binding a decree of divorce obtained in a court of a sister

State or of a foreign country, not the matrimonial domicile, upon grounds insufficient for that purpose in this State, where the divorced spouse resided in this State and was not personally served with process and did not appear in the foreign action (*Hubbard* v. *Hubbard*, 228 N. Y. 81, 84; cf. *Gould* v. *Gould*, 235 N. Y. 14). In determining the validity of the Mexican decree, therefore, the question to be considered is whether, on the evidence presented, Mexico was the matrimonial domicile of the parties. .

Domicile is the place where a person lives, with the intention of making it his fixed and permanent home (*Matter of Newcomb*, 192 N. Y. 238, 250–251; *Pignatelli* v. *Pignatelli*, 169 Misc. 534, 536). So, matrimonial domicile is the place where the parties last lived together as husband and wife, with the intention of making it their fixed and permanent home (*Callahan* v. *Callahan*, 65 Misc. 172, 176; *Post* v. *Post*, 71 Misc. 44, 46–47, affd. 149 App. Div. 452).

But to constitute a domicile, whether of origin or of choice, both residence and intention are essential. Once a domicile has been established, it continues as such until there has been an actual change of residence, with an absolute and fixed intention of abandoning the former and acquiring a new one (*Dupuy* v. *Wurtz*, 53 N. Y. 556, 566–570; *de Meli* v. *de Meli*, 120 N. Y. 485, 491; *Matter of Newcomb, supra*; *Matter of Baldwin* v. *Tiffany*, 250 N. Y. 489, 493; *Matter of Trowbridge*, 266 N. Y. 283, 289; *Pignatelli* v. *Pignatelli, supra*).

Whether there has been a change of domicile depends entirely upon the facts and circumstances of a particular case. The determining factor is the element of intention, and not the length of residence. Intention is a question of fact rather than of law. Once a domicile has been established, especially a domicile of origin, the burden of proving a change is upon the party who asserts it. Moreover, the evidence to establish it must be clear and convincing (*Dupuy* v. *Wurtz, supra*; *Matter of Newcomb, supra*; *Pignatelli* v. *Pignatelli, supra*).

Here, the domicile of origin of both parties was in this State. That neither party intended absolutely to abandon it is clear. True, defendant acquired a residence in Mexico before the marriage. True, also the marriage took place in Mexico, and the parties lived there as husband and wife. But these circumstances, of themselves, merely evidence a change of residence. Whether the change was of a temporary or permanent character depends upon the intention of the parties. Such intention, as evidenced by the promises and representations of

the defendant made before and after the marriage and within a short time before the divorce, show that it was never the intention of the parties to make Mexico their fixed and permanent home. Indeed, the circumstances, among others, that the defendant went to Mexico on a tourist visa and remained there on a student's visa renewable yearly; that he registered for military service in the United States and subsequently entered the maritime service, demonstrates that it was never the intention of the parties to abandon their domicile of origin and to acquire a new one in Mexico. Moreover, the fact that the defendant went to Mexico just before the declaration of war by the United States and that he remained there until just before its termination are circumstances to be considered as bearing on the nature and character of the defendant's residence in Mexico. On the other hand, the fact that the defendant worked in Mexico during most of the time he was there is of little importance when it is considered that he was not earning enough to support himself and wife, and that his wife had to continue as a school teacher in the public school system of this city in order to support herself.

As the parties never intended to abandon their domicile in this State and as Mexico was never the domicile of either of the parties, nor their matrimonial domicile, and as the plaintiff was not served with process and did not appear in the Mexican action, the Mexican decree cannot be accorded recognition in this State.

The motion to dismiss the complaint is accordingly denied.