In the Matter of the Estate of ALBERT STROBEL, Deceased.

Surrogate's Court, Montgomery County, June 1, 1951.

*Fred D. McIntosh* for Maude Miller, petitioner.

*Frederick J. Kirkpatrick* and *Floyd J. Reinhart* for Albert Levee, as executor of Albert Strobel, deceased, respondent.

BENNISON, S.   Albert Strobel died January 23, 1950, leaving a last will and testament dated November 19, 1949.   By the terms of his will the testator gave to his sister, Myrtle L. Levee, his entire estate.   The executor named in said will now seeks to probate the said will before this court and does allege in his petition on probate that the decedent died a resident of Montgomery County.   The petitioner herein contends that the decedent died a resident of Herkimer County and that the Surrogate of Herkimer County should assume jurisdiction.

With the residence of the decedent in question, it must be determined by this court as to the whereabouts of the domicile of the decedent at the time of his death.

The question of what place shall be considered the domicile for a party is not one of law but rather one of fact, and the courts must draw their conclusions from the circumstances of a given case.   (*Matter of Scarfone* v. *Ruggieri*, 197 Misc. 1007.)

The legal opinion is clearly differentiated between the term " domicile " and " residence," and it would appear from such opinions that the term " residence " merely means place of abode, and that a person may have many such places, whereas no person may have more than one domicile at any given time, and, accordingly, in the strict legal sense, a person's domicile is his true and permanent home, to which he has at all times

the intention of, sooner or later, returning. (*Clapp* v. *Clapp*, 272 App. Div. 378.)

The testimony as given indicated that, for a number of years. the decedent lived in Indian Castle and in the city of Little Falls, both in Herkimer County, New York. It would appear that during the latter part of 1946, the decedent moved to Newport, Herkimer County, New York, where he lived with his sister, Maude Miller, the petitioner herein, and while staying there he paid for his board and room. Thereafter, during 1949 he again visited at his former homestead in Indian Castle, and in November, 1949, he was taken ill and was removed to the Little Falls Hospital, and on that same date was transferred to a hospital in Cooperstown, New York. He was accompanied to the hospital by his sister, Myrtle L. Levee. It was while he was in the Cooperstown hospital in Otsego County that the decedent called upon the respondent's attorney, and with his assistance did execute his last will and testament. During the month of December, 1949, he was removed from the said Cooperstown hospital to the hospital in Little Falls, New York, and remained there until January, 1950. Thereafter, he moved with his belongings to the village of Fort Plain, New York, which village is located in Montgomery County.

The testimony then shows that a Federal census was being taken during the month of April, 1950, and that the census taker called upon the decedent on Willett Street in the village of Fort Plain, New York, to determine whether the decedent should be enumerated from his residence in Fort Plain, New York. The census taker testified as follows: "So, he told me I should take his census there, because he was making his future home with his sister, Myrtle L. Levee." Other testimony given by the census taker indicated that the decedent had declared to her that it was his intention to make his permanent home in the village of Fort Plain, County of Montgomery and State of New York.

All authorities are in agreement that there must be two essentials for a change of domicile, which are: (1) He must take up an actual residence in fact in a new location, and (2) He must entertain an intention that his new residence shall be his permanent home. When these two essentials are established, there is no question that there has been a change of domicile. (*Ruderman* v. *Ruderman*, 193 Misc. 85.)

The decedent stayed in Fort Plain, New York, for about six months or until the latter part of July, 1950, when he again visited his sister in Newport, New York, taking some of his

clothing with him and leaving some clothing still in Fort Plain, New York. Within a few months thereafter, the decedent was taken to the hospital in Little Falls, New York, where he died on January 23, 1951.

No definite period of residence or specified length of time in a particular place is required to establish a domicile, but, when coupled with the element of intent, any residence, even if it is only for a day or two, will be sufficient to establish a domicile. (*Ruderman* v. *Ruderman, supra.*)

It would appear from the testimony that the only disinterested party to testify was the census taker, who clearly indicated that it was the decedent's desire to make his permanent home in Fort Plain, Montgomery County, State of New York. The testimony of the one sister, Myrtle L. Levee, that the decedent lived with her in Fort Plain, Montgomery County, New York, and that of the other sister, Maude Miller, the petitioner herein, that the decedent lived with her in Newport, Herkimer County, New York, bears about equal weight and is about equal in value. The testimony of another sister, Edna Adams, proved of little significance as it was too indefinite and of little value.

It is my opinion that a declaration made by a person as to the whereabouts of his domicile to a United States census taker, and which declaration must necessarily be incorporated into the records of the Federal census, must carry considerable persuasive weight, and certainly would influence a court to believe that such weight far outbalances the weight of conflicting testimony of several interested parties.

The burden of proof of a change of domicile is clearly on the party alleging it to have occurred. (*Matter of Johnson,* 259 App. Div. 290, affd. 284 N. Y. 733.)

I therefore conclude that the domicile of the decedent at the time of his decease was in the village of Fort Plain, County of Montgomery, State of New York, and that, thereupon, the Surrogate of Montgomery County has jurisdiction in the matter of probating the last will and testament of Albert Strobel, deceased.

Submit order on notice accordingly.