Edward G. Baker, J.
Petitioners apply for an order invalidating and declaring null and void the designating petition filed with the Board of Elections purporting to designate as a candidate for the office of councilman for the 17th Senatorial District, Kings County, one Seymour Friedman; and for an order enjoining and restraining said board from printing and placing upon the official primary ballots of the Democratic party to be voted at the primary election to be held September 10, 1957 the name of said Friedman as a candidate in and for said district.
In specification No. 8 of the specifications of objections filed with the Board of Elections, petitioners allege: “ That the above named candidate (Friedman) does not now nor did he on July 19th, 1957, or prior or subsequent thereto, reside at the place of residence set forth on the purported petition; to wit, 1580 East 19th Street, Brooklyn, N. Y.; nor was he on the date of the filing of the said purported petition a duly enrolled Democrat of the 17th Senatorial District, Kings County, New York, nor was he then, now, or prior thereto, resident therein.”
*525 Prior to May 11, 1957 said Friedman (hereinafter referred to as respondent) resided with his wife, Dorothy, at 1245-50th Street, Brooklyn, which address is within the 25th Election District of the i!)th Assembly District, County of Kings, lie was duly enrolled in that district. On May 11, 1957 respondent and his wife separated. Since the date of their separation, respondent has lived continuously with his brother at 3580 East 39th Street, Brooklyn, N. Y., which address is within the 93rd Election District of the 21st Assembly District, County of Kings. The wife continued to live at the 50th Street address until on or about August 20, 1957 when she vacated the apartment. During the period of her occupancy following the separation, respondent, pursuant to an oral agreement between the parties, continued to pay the rent and the bills for utility services. There is no proof whatsoever that the oral agreement between the parties contemplated a permanent and irrevocable separation.
On August 6, 1957 respondent and his wife entered into a written separation agreement which provided, inter alia, as follows:
“ Thirteenth :■ — -Notwithstanding anything hereinbefore contained, however, in the event the undersigned are still united in the bonds of matrimony on September 30, 1957, not having been divorced by any court of competent jurisdiction, then and in that event, all of the terms, conditions and covenants of this agreement shall be deemed null and void, and of no force and effect, and the parties shall he in the same status as if this agreement had never been executed. However, if on or before September 30, 1957, either of the parties hereto shall have obtained a decree of absolute divorce from the other in any court of competent jurisdiction, in which decree the terms, conditions and covenants of this agreement shall have been incorporated by reference or otherwise, then in that event only, this agreement shall be deemed in full force and effect in each and every respect.”
On August 17, 1957 a final judgment of divorce was entered in favor of the wife and against respondent in the First Civil Court, State of Chihuahua, Mexico, respondent having appeared in the action. Respondent’s wife returned to Brooklyn August 19,1957 and vacated the apartment the very next day.
On July 19,1957 respondent appeared in person at the Board of Elections, signed, swore to and filed with the board the affidavit required by section 187 (subds. 8, 9) of the Election Law in connection with a transfer of enrollment, and signed the *526 register of voters for the 93rd Election District of the 21st Assembly District, County of Kings.
Section 188 of the Election Law which prescribes the duties of the hoard in respect to special enrollments, transfers and corrections, provides, in part, ‘ ‘ In the City of New York there shall also be added, in the proper columns, the other information concerning the voter, to be elicited from him, which would be required by inspectors if he were then registering for an election. In any county, or city, in case of such transfer, the election district and locality from which the voter has moved shall be specified in the last column preceded by the words ‘ enrolled from.’ ” The spaces beneath columns 9, 18 to 23 both inclusive, and 25 to 31 both inclusive, in the register signed by respondent, are blank. Written across these spaces, presumably by a board official, are the words, in large letters, “ Board of Elections — Transfer of Enrollment.” In the last column appears the entry “ Transferred from 25/19 Bd. of Elections 7/19/57.” Petitioners assert that respondents’ attempted transfer of enrollment is void by reason of Ms failure to furnish, or the board’s failure to elicit and enter in the register, the information called for by the questions printed at the column heads. Petitioners cite as authority Matter of Cohen v. Heffernan (187 Misc. 303, affd. 271 App. Div. 751, affd. 296 N. Y. 626). This position is untenable. The case cited is not in point. Respondent did all that he was reqmred to do under section 187 of the Election Law to effect a transfer of his enrollment; and the transfer was valid provided, of course, he was a bona fide resident, within the meaning of the statute, of the election district to which he sought such transfer. The failure of the board official to elicit from respondent, or, if the necessary information was obtained, the official’s omission to make the proper entry in the register, affords no valid basis for the disenfranchisement of respondent.
As stated above, in the last column of the register for the 93rd Election District there appears a reference to the district from which the voter has moved (in this instance the 25th Election District, 19th Assembly District, County of Kings). The register in the latter district contains all of the information called for by section 165 of the Election Law. Respondent’s new address was accurately given and entered in the register for the 93rd Election District of the 21st Assembly District except that the apartment number was not stated (an unimportant omission). It seems clear that the procedure followed in tMs instance by the board official was that customarily followed in all such instances, the reference to the voter’s old district being *527 considered sufficient compliance with the requirements of section 188 of the Election Law. There was no duty on the part of respondent to insist that the board official proceed otherwise. The transfer of enrollment was valid if, in fact, respondent was a resident of the 93rd Election District at the time it was made.
The question of residence in this proceeding, however, involves more than the question of respondent’s right to vote in the forthcoming primary. The office here involved is that of councilman from the 17th Senatorial District, County of Kings. Section 3 of the Public Officers Law provides as a qualification for holding local office that the officer be a “ resident of the political subdivision * * * for which he shall be chosen”. The term “residence” as used in the Public Officers Law and in the Election Law is synonymous with “ domicile.” (Matter of Caligiuri v. Maisel, 197 Misc. 1000, affd. 277 App. Div. 946, affd. 301 N. Y. 667; Matter of Scarfone v. Ruggieri, 197 Misc. 1007, affd. 277 App. Div. 931, affd. 301 N. Y. 662.) It was respondent’s burden to establish, by clear and convincing evidence, a change of domicile from the 50th Street to the 19th Street address (Ruderman v. Ruderman, 193 Misc. 85; Matter of Newcomb, 192 N. Y. 238). He has failed to sustain that burden.
There is nothing in the proof before the court to establish an “ absolute and fixed intention” on the part of respondent, at any time or on any specific date between May 11, 1957 and August 17, 1957 (the date of the final decree of divorce) to adopt a new domicile at the 19th Street address, the home of his brother. Paragraph 1 ‘ Thirteenth ’ ’ of the separation agreement between respondent and his wife, quoted above, indicates that their separation was tentative and conditional upon either of the parties obtaining, on or before September 30, 1957, a decree of absolute divorce in a court of competent jurisdiction. Upon the failure of either to obtain such a decree, on or before the date specified, the agreement was to be deemed null and void. Nowhere in the proof is there sufficient evidence of a fixed intent by respondent, at any specific time or date, to abandon permanently and irrevocably his 50th Street residence. There is no direct or categorical statement by respondent upon the matter of intent and the question, therefore, is one of circumstantial evidence. The facts here established are just as consistent with retention as they are with abandonment of respondent’s original domicile. Surely there is no “ clear and convincing ” proof of intent to change.
Application granted. Submit order.