J. Courtney McGroabty, J.
The facts of this case are not in dispute, leaving a question of law, to wit: Must a candidate for the office of City Councilman from the 23d Councilmanic District be a resident of that district in a year in which council-manic districts are reapportioned?"
*984 The lines of the councilmanic districts of the City of New York ,were realigned by Local Law No. 4 of 1973 for the general election of November, 1973. Respondent Mattera seeks the Republican nomination for the office of Councilman from the 23d Councilmanic District to be elected this November. It is undisputed that he resides in the 24th Councilmanic District rather than the 23d.
Subdivision 1 of section 3 of the Public Officers Law, in setting forth the qualifications for holding public office, requires that a candidate for local office shall be a “ resident of the political subdivision * * * for which he shall be chosen, or within which the electors electing him reside, or within which his official functions are required to be exercised ’ ’.
Thus it has been held that under this statute a city councilman must reside within the district from which he is elected (Matter of Aiello v. Power, 9 Misc 2d 523, affd. 4 A D 2d 833, affd. 3 N Y 2d 892 [New York City]; Matter of Tucker v. Donohue, 28 A D 2d 739 [City of Albany]). The New York City Charter, while silent as to residency requirements for Councilmen, does require that any person chosen to replace a Councilman elected from a district, in the event of a vacancy, be a resident of that district (New York City Charter, § 24).
The respondent argues that because of the absence (in Local Law No. 4 of 1973) of any provision for the waiver of the residency requirements in a reapportionment year, the court should apply the same standards set forth in section 7 of article III of the New York State Constitution, wherein it is provided that in a reapportionment year, a Senator or an Assemblyman need only be a resident of the county in which the district from which he is elected is located for the 12 months immediately preceding his election, rather than being a resident of the district itself.
That provision applies solely to members of the State Legis- ' Iature and not to other public or party officials. The Legislature has seen fit to amend the Election Law with respect to members of a party State committee so as to allow them the same latitude as to residency as that provided for Senators and Assemblymen by the Constitution (Election Law, § 11, subd. 2; L. 1966, ch. 194).
While the Court of Appeals has “ legislated ” in cases where the failure to legislate was due to inadvertence (Matter of Spillane v. Katz, 25 N Y 2d 34), such is not the case here. In Spillane the court considered the enactment by the State Legislature of a law (pursuant to N. Y. Const., art. VI, § 15, subd. a) in each year, from 1962 to 1968, continuing the Municipal Court districts in New York City for those positions in the Civil Court of the *985 City of New York which had been occupied by Justices of the former Municipal Court but only on a one-year basis. In 1969 no such law was enacted. The court held (p. 37) that the constitutional mandate for districts “ established by law ” was not self-executing, and based on the prior enactments and the intent of the Constitution, and its finding of “inadvertence rather than deliberateness ” on the part of the Legislature, that the districts previously provided for shall remain in effect for the year 1969.
In the present proceeding there is no prior history of any law which has waived the requirements of subdivision 1 of section 3 of the Public Officers Law for the office of City Councilman in a reapportionment year. Indeed, the City Council, in enacting Local Law No. 4, was without power to waive such requirements under the home rule provisions of the New York Constitution (art. IX, § 2, subd. [c]; 1971 Atty. Gen. [Inf. Opns.] 42).
In the absence of any contrary statute enacted by the State Legislature, the court is constrained to hold that subdivision 1 of section 3 of the Public Officers Law, which has previously been held to apply to the office in question (Aiello v. Power, 9 Misc 2d 523, affd. 4 A D 2d 833, affd. 3 N Y 2d 892, supra) controls in this instance.
Accordingly, the respondent Mattera being ineligible to hold office sought, the petition must be invalidated (Aiello v. Power, supra).