■ BETH FRIEDMAN et al., Respondents, v KATHARINE S. J. LAW, Appellant, et al., Defendants. (Action No. 1.) KATHERINE S. J. LAW, Appellant, v LOUIS L. FRIEDMAN et al., Respondents, et al., Defendant. (Action No. 2.)—In actions, *inter alia,* to recover damages for trespass (Action No. 1) and to enjoin a continuing trespass (Action No. 2), Katherine S. J. Law, a defendant in Action No. 1 and plaintiff in Action No. 2, appeals from an order of the Supreme Court, Kings County, dated July 31, 1977, which, *inter alia,* granted the motion of the respondents, plaintiffs in Action No. 1 and defendants in Action No. 2, to consolidate those actions and set Kings County as the venue for the consolidated action. Order modified by deleting therefrom those provisions directing that the consolidated action be tried in Kings County and by substituting therefor provisions directing that the

consolidated action be tried in New York County. As so modified, order affirmed, without costs or disbursements, and action remanded to Special Term for entry of an appropriate amended order in accordance herewith. Both actions involve the question of the ownership of a proprietary leasehold interest in a terrace adjoining the apartments of the parties, located in a co-operative apartment building in Manhattan. Under these circumstances, consolidation was proper. However, it was an improvident exercise of discretion to lay venue of the consolidated action in Kings County since the real property which is the subject of this action is located in New York County, all of the parties reside in that county, the witnesses are located in that county, and the only contact with Kings County is the fact that respondent Louis L. Friedman maintains an office in that county for the practice of law. The basis for venue is residence, by which is meant the abode of the parties (CPLR 503, subd [a]; *Matter of Strobel,* 200 Misc 483, 484). The respondents may not rely upon the provisions of CPLR 503 (subd [d]) to place venue in Kings County upon the ground that Mr. Friedman's individually owned law practice is located in that county because subdivision (d) allows only the business to sue or be sued in the county in which it has its principal place of business. The dispute here has nothing whatever to do with Mr. Friedman's law practice. Hopkins, J. P., Latham, Titone and O'Connor, JJ., concur.