■ BRIAN A. VENUTI et al., Respondents, v JOSEPH NOVELLI, Appellant.

The instant action against defendant Joseph Novelli, the infant plaintiff's granduncle, was commenced in Bronx County, based upon the claim the defendant maintained a place of business in that County. The complaint alleged that defendant's negligent maintenance of property in Westchester County resulted in injuries to the infant plaintiff for which the infant and his father sought damages.

The IAS court initially granted defendant's motion to change venue to Westchester County, recognizing that that County, where all parties resided, was the proper place of venue. It concluded that plaintiffs had chosen an improper venue in Bronx County since CPLR 503 (d) did not permit the County where a party's place of business is situated to be used as a basis for venue where the underlying suit had nothing to do with the party's business, citing, *inter alia, Friedman v Law* (60 AD2d 832).

However, upon a motion for renewal, the court sent the matter for a hearing, holding there was a factual dispute between the parties as to whether defendant was conducting a business for the management of his Westchester County real estate holdings in his Webster Avenue Bronx County office and also whether the Bronx County business had any bearing upon the lawsuit. While the Judicial Hearing Officer in his report found the fact pattern of the instant case analogous to *Friedman v Law (supra)* and concluded that the nature of the

litigation had nothing to do with defendant's business, which he operated and conducted in Bronx County, and recommended that the court adhere to its prior order transferring venue to Westchester County, the IAS court vacated its prior order and changed venue back to Bronx County.

There is no dispute that the infant plaintiff's injuries did not arise out of the defendant's video repair business which he operated in Bronx County. Thus, the only issue presented is whether defendant was also running a property management business out of the video repair business location, because of an oral agreement that plaintiff Brian Venuti would act as caretaker for the Westchester premises and make certain repairs in exchange for the right to occupy the premises. CPLR 503 (d) provides that: "[A]n individually-owned business shall be deemed a resident of any county in which it has its principal office, as well as the county in which the * * * individual owner suing or being sued actually resides."

The relationship between plaintiff Brian Venuti and defendant did not fall within the definition of "business" in CPLR 503 (d). The mere making of an arrangement in Bronx County for Venuti to occupy premises owned by defendant, as a caretaker, does not constitute a property management business. Although the IAS court found it manifest that a person who holds and manages two properties in addition to his residence does so with an expectation of profit in the form of appreciation or rental income, there are no facts in the record to substantiate this conclusion. Defendant merely permitted plaintiff and his niece to reside on the premises provided they kept it up and paid for their own utilities. This agreement and the exchange of expense monies incurred by Venuti for repairs and the handing over to defendant of mail sent to the Westchester premises by plaintiff in Bronx County cannot be said to constitute a property management business, rather than a familial arrangement. (See, 22 NY Jur 2d, Contracts, §§ 529-536, at 516-532.) This is especially true where defendant maintained a video repair business at the premises, to which all activities apparently were directed. Furthermore, even if the relationship with his niece's family constituted a business, it was not demonstrated upon this record that it was conducted from the video shop, rather than defendant's home in Westchester, or another premises owned by him.

In addition, a motion to renew must be based upon additional material facts which existed at the time the prior motion was made, but were not then known to the party seeking leave to renew. (Foley v Roche, 68 AD2d 558, 568.) The

remedy of renewal is not available where a party proceeds on one legal theory and then moves for renewal on a different theory, merely because it was unsuccessful on the original application. In plaintiffs' initial opposition to defendant's motion to change venue, counsel for plaintiffs merely alleged that defendant maintained a business in Bronx County and was therefore deemed a resident of that County, pursuant to CPLR 503 (d).

After defendant relied upon *Friedman v Law (supra)* in his reply affirmation, asserting the lawsuit did not arise out of defendant's video business, the court granted the motion to change venue to Westchester County. On plaintiffs' motion for renewal, plaintiffs then alleged the new theory that defendant managed real estate property and that the lawsuit arose out of defendant's conduct of that business. Counsel recognized that these facts existed at the time of plaintiffs' opposition to defendant's original motion, but stated the Venuti's affidavit had not been contained in the opposition papers because "Brian A. Venuti, was unavailable at the time of defendant's Motion and it was only recently that the annexed affidavit could be obtained". To the contrary, the affidavit is by Brian Venuti, the father of the infant plaintiff Brian A. Venuti, and there has been no explanation as to why his affidavit, setting forth the facts and circumstances alleging defendant's conduct of a property management business, could not have been produced at the time of defendant's original motion. Even if counsel erred in stating that Brian A. had been unavailable, rather than the father, the conclusory claim of unavailability is insufficient to serve as a "valid excuse for not submitting the additional facts upon the original application". *(Foley v Roche, supra,* at 568.) Concur—Kupferman, J. P., Asch, Kassal and Rubin, JJ.