## Matter of Mojtahedi v Craddock

2024 NY Slip Op 34320(U)

December 5, 2024

Supreme Court, New York County

Docket Number: Index No. 157677/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**   **HON. LYLE E. FRANK**      **PART**       **11M**

*Justice*

----------------------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF MICHAEL MOJTAHEDI

                                Petitioner,

- v -

CHRISTOPHER CRADDOCK,

                                Respondent.

----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 157677/2024 |
| **MOTION DATE** | 11/05/2024 |
| **MOTION SEQ. NO.** | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119

were read on this motion to/for                      CONTEMPT          .

Upon the foregoing documents, Petitioner's motion to hold respondent in contempt is granted and Respondent's cross-motion is denied.

**Background**

This case arises out of a dispute between members of the Delaware corporation RocketStar, Inc. ("RocketStar") over control of the company. Petitioner Michael Mojtahedi ("Mojtahedi") brought the underlying Article 78 petition seeking to have Respondent Christopher Craddock ("Craddock") turn over the RocketStar books and records, claiming to be operating as the new CEO of RocketStar. The parties disputed, among other things, what role the other played in the corporation and the makeup of RocketStar's board of directors. Both also purported to have removed the other from the board of directors. This Court held an evidentiary hearing on October 25, 2024, to determine the matter of who was a valid member of the Board and whether either party's purported firing of the other party from the board of directors was valid.

[* 1]

At this hearing, Craddock testified that there were just two personal credit cards, both in his wife's name, that he used to make payments on behalf of RocketStar. Craddock then offered into evidence two Amex Statements. One was allegedly a mix of Craddock's personal transactions and payments made on behalf of RocketStar (the "Delta Sky Miles Card") and the other was used just for company purposes (the "Morgan Stanley Platinum Card"). Relevant to this motion, Craddock also specifically testified that he would be willing to produce the following books and records: RocketStar records contained on the QuickBooks portal if Petitioner paid for an expert to segregate out Craddock's personal information; statements for the Chase bank account for RocketStar up to the period in which he had access; and the RocketStar insurance policies. At this point, the Court stopped that line of questioning and pointed out that Craddock's willingness to turn over company records would be irrelevant should an order be issued commanding him to do so.

The Court ruled from the bench that Craddock had been removed from the board of directors by majority vote and that it appeared that Mojtahedi was the CEO. The Court also ordered that Craddock turn over the company's books and records, and that the order would be crafted in order to protect Craddock's privacy. On October 28, 2024, an order was issued by the Court (the "October 28 Order") granting the petition and requiring Craddock to, within 7 days of date of service of the order:

> (i) provide access to Petitioner Mojtahedi, RocketStar ("the Company"), the directors and the other shareholders of all the books and records of the Company, including, without limitation, [a list of specific examples]; (ii) Respondent Craddock shall return all Company property in his possession, including, without limitation, all computers, monitors, phones and other personal devices, with all Company information maintained thereon; (iii) Respondent Craddock provide the Company, its directors and shareholders with all passwords to all of the email accounts, computer, phone and other Company websites or sites on which Respondent Craddock performed Company business, and (iv) Respondent Craddock shall return to the Company, its directors and shareholders

**157677/2024   IN THE MATTER OF THE APPLICATION OF MICHAEL MOJTAHEDI vs. CHRISTOPHER CRADDOCK**
**Motion No. 004**

**Page 2 of 8**

2 of 8

[* 2]

any other Company property or books and records of the Company in his possession not included in the foregoing subsections of this Order

The order then continued to direct Petitioner to use best efforts to segregate any potential personal information that had been mingled with company information in order to protect Craddock's privacy. Craddock has made a pending appeal of the order, without seeking a stay of the Order.

### *Events Since the Order*

The deadline for handing over the corporate books and records was November 4, 2024. Craddock has admittedly not produced any documents (beyond the already introduced Amex statements) in compliance with this order. Instead, Craddock called a meeting with several RocketStar shareholders and on October 30, 2024, they purported to appoint four new members to the Board of Directors. The next day, Craddock circulated a purported Board Resolution that directed Mojtahedi to "immediately withdraw the petition filed with the New York County Clerk under index number 157677/2024" and to "take such other action so that the judgment and order entered by the Hon. Lyle E. Frank on October 28, 2024, is hereby vacated, satisfied, or disposed." The parties dispute the validity of this meeting and the ability of shareholders rather than directors to appoint members to the Board through a special meeting, as well as the validity of any resolutions passed by the new purported RocketStar board of directors.

What is not disputed, however, is the fact that Craddock has failed to comply with the October 28 Order. The November 4 deadline came and went without any document production. Then on November 6, 2024, Mojtahedi went to the company's offices and had two company computers and some stacks of company documents sent to the offices of Petitioner's counsel so that an ediscovery vendor could retrieve the information on the computers. Respondent alleges

**157677/2024  IN THE MATTER OF THE APPLICATION OF MICHAEL MOJTAHEDI vs.**          **Page 3 of 8**
**CHRISTOPHER CRADDOCK**
**Motion No.  004**

3 of 8

[* 3]

that Mojtahedi broke a filing cabinet in order to retrieve the paper documents, and Petitioners alleges that the cabinet was opened with a key. At this time, Mojtahedi was accompanied by an individual named Omear Khalid, who is unaffiliated with RocketStar. Respondent alleges that Mojtahedi shared company information with Mr. Khalid, and Petioner claims that nothing was shared with him.

Petitioner's counsel then emailed Craddock informing him of the document retrieval and reminding him that he had not complied with the October 28 Order and had failed to turn over any documents or records in his possession. Craddock then reported the entry into the RocketStar office to the NYPD, who then received a copy of the October 28 Order from Petitioner's counsel. Craddock has also raised national security issues surrounding the company's information on the computers and reported the removal of the computers to the U.S. Federal Government. An email was sent to all parties and their counsel from Special Agent Christopher O'Neill with the United States Department of Commerce, putting them on notice of the regulations surrounding exporting controlled technical information outside the United States or to parties in the U.S. who are not a U.S. citizen. Following a phone call with Petitioner's counsel, Agent O'Neill has agreed to allow counsel to image the computers and review all documents and emails in-house.

*The Present Motions*

Petitioner has brought the present motion 004, seeking an order that would 1) hold Craddock in civil contempt for failing to comply with the October 28 Order, 2) prohibit Craddock from holding himself out as RocketStar's CEO or taking any actions as CEO, and 3) imprisoning and/or imposing daily fines on Craddock of at least $1,000 a day until he purges himself of the contempt. Respondent opposes and has brought a cross-motion to 1) renew his previously denied motion to dismiss the petition, 2) directing Petitioner and counsel to return all

157677/2024   IN THE MATTER OF THE APPLICATION OF MICHAEL MOJTAHEDI vs.          Page 4 of 8
CHRISTOPHER CRADDOCK
Motion No.  004

4 of 8

computers and records in their possession to the Corporation, and 3) extending Respondent's time to comply with the October 28 Order pending a decision in the renewed motion to dismiss.

**Discussion**

For the reasons that follow, Petitioner's contempt motion is granted in part and Respondent's cross-motion to renew is denied.

*Petitioner's Contempt Motion Is Granted on a Clear and Convincing Showing*

Under Judiciary Law § 753(A)(3), a court may hold a party in contempt for the non-payment of a sum of money ordered by the court to be paid, or for "any other disobedience to a lawful mandate of the court." In order to support a finding of civil contempt, "First, it must be determined that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect. Second, it must appear, with reasonable certainty, that the order has been disobeyed. Third, the party to be held in contempt must have had knowledge of the court's order, although it is not necessary that the order actually have been served upon the party. Fourth, prejudice to the right of a party to the litigation must be demonstrated." *El-Dehdan v. El-Dehdan*, 26 N.Y.3d 19, 29 (2015). The elements must be shown by clear and convincing evidence. *Id.*

All elements of civil contempt are present in this case by clear and convincing evidence. Indeed, it is barely disputed that Respondent is in contempt. The October 28 Order was a clear, lawful, and unequivocal mandate. Craddock does not deny disobeying the order, despite clearly having knowledge of it. Finally, it clearly prejudices the rights of Petitioner to have the books and records turned over pursuant to the order granting the petition if Craddock does not turn over the books and records. Craddock offers as explanation the resolution purporting to direct Mojtahedi to drop the already granted petition, but rather than justifying the blatant contempt of this Court's order such a fact pattern only bolsters a finding of contempt. This Court is aware of

**157677/2024   IN THE MATTER OF THE APPLICATION OF MICHAEL MOJTAHEDI vs. CHRISTOPHER CRADDOCK**
**Motion No.  004**

**Page 5 of 8**

5 of 8

no authority vested in a company's board of directors that can countermand a clear judicial order. Respondent is in clear contempt of the laws of the state of New York and this Court's order and has offered no extenuating or justifying circumstances to countermand a finding of civil contempt.

*Respondent's Cross-Motion to Renew Fails*

A party may bring a motion to renew if it is "based upon new facts not offered on the prior motion that would change the prior determination" or if it can demonstrate that "there has been a change in the law that would change the prior determination." CPLR § 2221(e)(2). When bringing a motion to renew based upon new facts, the movant must show "reasonable justification for the failure to present such facts on the prior motion." CPLR § 2221(e)(3). Renewal is meant to be "granted sparingly" and the moving party must show that they did not fail to exercise due diligence. *Perretta v. New York City Tr. Auth.*, 230 A.D.3d 428, 432 (1st Dept. 2024).

Respondent here offers the subsequent purported appointment of new members to the RocketStar board of directors and the disputed resolution purporting to order Mojtahedi to withdraw the granted petition as facts that would justify a motion to renew. Respondent asks the Court to renew the motion to dismiss the petition and grant it based on "new facts that occurred subsequent to the trial." A motion to renew "must be based upon additional material facts which existed at the time the prior motion was made but were not then known to the party seeking leave to renew." *Venuti v. Novelli*, 179 A.D.2d 477, 478 (1st Dept. 1992). Here, the facts that Respondent bases their motion to renew on undisputedly occurred *after* the motion to dismiss was denied and the petition was granted. Therefore, they cannot serve as a basis to renew.

*The Purported Appointment of Four New Board Members is Outside the Purview of this Petition*

**157677/2024 IN THE MATTER OF THE APPLICATION OF MICHAEL MOJTAHEDI vs. CHRISTOPHER CRADDOCK
Motion No. 004**

**Page 6 of 8**

[* 6]

6 of 8

Both parties have requested that the Court weigh in on the purported board meeting that took place after the petition was granted and decide the validity of the four contested board members. The previous judicial orders in this petition remain in full force and effect, and the petition was granted. While these motions for contempt and renewal are timely, deciding the validity of a purported board meeting and resolution after the issuance of the October 28 Order is beyond the purview of the present petition, and the Court will decline to take a position on the matter. Accordingly, it is hereby

ADJUDGED that the Petitioner's motion for an order prohibiting respondent from holding himself out as RocketStar's CEO presently is denied; and it is further

ADJUDGED that the Respondent's cross-motion to renew his application to dismiss the petition is denied; and it is further

ADJUDGED that the Respondent's cross-motion for an order directing petitioner and his counsel to return all computers and records in their possession is denied; and it is further

ADJUDGED that Respondent Christopher Craddock is guilty of a willful contempt in disobeying this Court's orders and that the disobedience was calculated to, and did, defeat, impair, and prejudice the rights and remedies of the petitioner; and it is further

ORDERED that the Respondent must pay to petitioner the reasonable attorneys' fees of making and prosecuting this motion, not more than 15 days following service of this Order with notice of entry; and it is further

ORDERED that Respondents may purge themselves of the contempt by complying with this Order within five (5) days after service of this Order upon the Respondent with notice of entry; and is further

**157677/2024   IN THE MATTER OF THE APPLICATION OF MICHAEL MOJTAHEDI vs.
CHRISTOPHER CRADDOCK
Motion No.  004**

**Page 7 of 8**

7 of 8

[* 7]

ORDERED that Court imposes a penalty of $500 per day as against respondent Christopher Craddock if Respondent fails to purge himself from contempt within five (5) days after service of this Order upon the Respondent with notice of entry until compliance with all orders of this Court; and it is further

ORDERED that in the event Christopher Craddock fails to purge himself as provided in this Order within fifteen (15) days after service of this Order upon the Respondent with notice of entry, Petitioner may apply for a warrant of arrest ex parte on proof, by affidavit, of service of a copy of this Order on Christopher Craddock; and on proof, by affidavit, of the failure of Christopher Craddock to purge himself as provided in this Order within the deadline set forth above.

20241206091304LFRANK63371 F68A8F41EDBE66854B1EF6373D

| 12/5/2024 | |
|---|---|
| **DATE** | **LYLE E. FRANK, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157677/2024   IN THE MATTER OF THE APPLICATION OF MICHAEL MOJTAHEDI vs.**          **Page 8 of 8**
**CHRISTOPHER CRADDOCK**
**Motion No.  004**

8 of 8

[* 8]