| Battery Park City Auth. v Pier A Battery Park Assoc., LLC |
|:---:|
| 2025 NY Slip Op 31719(U) |
| May 12, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 156217/202 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. LYLE E. FRANK** | **PART** | **11M** |
| | *Justice* | | |

-----------------------------------------------------------------------------X

BATTERY PARK CITY AUTHORITY D/B/A THE HUGH L. CAREY BATTERY PARK CITY AUTHORITY,

Plaintiff,

- v -

PIER A BATTERY PARK ASSOCIATES, LLC,PAUL LAMAS, PETER POULAKAKOS, NEW YORK CITY WATERFRONT DEVELOPMENT FUND II, LLC

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 156217/2022 |
| **MOTION DATE** | 01/17/2025, 01/18/2025 |
| **MOTION SEQ. NO.** | 009 010 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 009) 191, 192, 193, 194, 195, 196, 197, 205, 207, 208, 209, 210, 217, 218, 219, 220

were read on this motion to/for       RENEW/REARGUE/RESETTLE/RECONSIDER .

The following e-filed documents, listed by NYSCEF document number (Motion 010) 198, 199, 200, 201, 206, 211, 212, 213, 214, 215, 216

were read on this motion to/for       RENEWAL .

Upon the foregoing documents, the defendants' motions are denied.

**Background**

This is a commercial landlord-tenant case centered on a historic building located on Pier A at 22 Battery Place. The building in question is owned by New York City and had been leased to Pier A Battery Park Associates, LLC ("Tenant") under an agreement with the Battery Park City Authority ("BPCA"). Paul Lamas and Peter Poulakakos (collectively, the "Guarantors", together with the Tenant "Defendants") signed a Good Guy Guaranty agreement in favor of the BPCA. Tenant granted New York City Waterfront Development Fund II, LLC (the "Fund") a security interest in its leasehold estate. The Fund also loaned the BPCA $16.5 million related to the proposed redevelopment of Pier A. In April of 2020, during the COVID-19 pandemic,

**156217/2022   BATTERY PARK CITY AUTHORITY D/B/A THE HUGH L. CAREY BATTERY PARK CITY AUTHORITY vs. PIER A BATTERY PARK ASSOCIATES, LLC ET AL
Motion No.  009 010**

**Page 1 of 4**

1 of 4

Tenant sent a letter to BPCA and the Fund claiming to have permanently closed its business and operations in the Pier A building. In July, Tenant's counsel sent a letter to the BPCA stating that the April letter constituted formal notice that the leasehold was surrendered. This purported surrender was rejected by both the BPCA and the Fund.

In July of 2022, the BPCA filed this underlying suit, asserting claims of breach of the lease and seeking eviction and a declaratory judgment that the lease had been terminated based on Tenant's default under the lease. They also sought to hold the Guarantors liable under the guaranty. Then in March of 2024, the Fund moved to substitute itself as plaintiff in this matter, on the grounds that the BPCA had assigned their rights regarding several of the claims in this proceeding to them on January 03, 2024 (the "Assignment"). This motion was granted. Related to the Assignment is a Settlement Agreement between the BPCA and the Fund, which has been partially disclosed. As part of this Settlement Agreement, the BPCA made a payment of $1.4 million dollars to the Fund alongside the assignment of certain of their claims against the Tenant and Guarantors in this action.

**Standard of Review**

A party may bring a motion to renew pursuant if it is "based upon new facts not offered on the prior motion that would change the prior determination" or if it can demonstrate that "there has been a change in the law that would change the prior determination." CPLR § 2221(e)(2). When bringing a motion to renew based upon new facts, the movant must show "reasonable justification for the failure to present such facts on the prior motion." CPLR § 2221(e)(3). Renewal is meant to be "granted sparingly" and the moving party must show that they did not fail to exercise due diligence. *Perretta v. New York City Tr. Auth.*, 230 A.D.3d 428, 432 (1st Dept. 2024). A motion to renew "must be based upon additional material facts which

**156217/2022   BATTERY PARK CITY AUTHORITY D/B/A THE HUGH L. CAREY BATTERY PARK CITY AUTHORITY vs. PIER A BATTERY PARK ASSOCIATES, LLC ET AL Motion No. 009 010**
**Page 2 of 4**

2 of 4

existed at the time the prior motion was made, but were not then known to the party seeking leave to renew." *Venuti v. Novelli*, 179 A.D.2d 477, 478 (1st Dept. 1992).

**Discussion**

In these two motions, the Defendants seek to renew their opposition to the motion filed by the Fund to substitute itself for the BPCA in this action based on the Assignment. The new facts offered concern the Settlement Agreement and BPCA Board minutes, which did not become available until after the deadline for opposition on the original motion to substitute. Defendants argue that the Assignment is invalid because it was not approved by the BPCA Board, pointing to the public meeting minutes that do not specifically address any discussion of the Assignment. The Fund opposes and argues that Board approval for the Settlement Agreement was not needed, that Defendants have not shown that regardless of such a requirement, Board approval of the two agreements was not granted. They also point out that in the months leading up to the Assignment and Settlement Agreement the Board entered into two privileged executive sessions to discuss all pending litigation and that the BPCA has consistently maintained throughout this proceeding that the settlement was authorized.

The Assignment was signed by the then-General Counsel for the BPCA, Ms. Goldenberg, who is authorized to sign instruments and manage litigation on behalf of the BPCA. There is an affirmation from the current Acting General Counsel for the BPCA that states that Ms. Goldenberg was authorized by the BPCA bylaws to execute the Assignment and Settlement Agreement. Defendants have not shown that the BPCA was required to specifically approve the Assignment through publicly available meeting minutes, nor have they established that the BPCA does not authorize either agreement. Failure on a motion to renew to show how the new

**156217/2022   BATTERY PARK CITY AUTHORITY D/B/A THE HUGH L. CAREY BATTERY PARK CITY AUTHORITY vs. PIER A BATTERY PARK ASSOCIATES, LLC ET AL**
**Motion No.  009 010**

facts would have changed the prior motion's outcome is grounds for denying the renewal. *Solo Group LLC, Series 9 v. Harris*, 213 A.D.3d 607, 608 [1st Dept. 2023].

Furthermore, the Defendants do not have standing to challenge the Assignment. In order to have standing to challenge an agreement, "a nonparty to the contract must either suffer direct harm flowing from the contract or be a third-party beneficiary thereof." *Decolator, Cohen & DiPrisco, LLP v. Lysaght, Lysaght & Kramer, P.C.*, 304 A.D.2d 86, 90 [1st Dept. 2003]. The transfer of claims in a proceeding does not qualify as a direct harm that flows from the agreement. *Id*. Accordingly, it is hereby

ADJUDGED that motions 009 and 010 to renew are denied.

20250512161858LFRANKE634073A6E274B33881034752AA52335

| 5/12/2025 | | | | LYLE E. FRANK, J.S.C. | |
|-----------|---|---|---|---|---|
| **DATE** | | | | | |
| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**156217/2022   BATTERY PARK CITY AUTHORITY D/B/A THE HUGH L. CAREY BATTERY PARK CITY AUTHORITY vs. PIER A BATTERY PARK ASSOCIATES, LLC ET AL Motion No.  009 010**                 **Page 4 of 4**

4 of 4

[* 4]