In the Matter of Rocco A. SCARFONE, Petitioner, against JOSEPH F. RUGGIERI et al., Respondents.

Supreme Court, Special Term, Kings County, June 20, 1950.

*Frank B. Di Giovanna* for petitioner.

*Sidney Squire* for Joseph F. Ruggieri, respondent.

*John P. McGrath, Corporation Counsel* (*Thomas W. A. Crowe* of counsel), for Board of Elections of the City of New York, respondent.

POWERS, J. This proceeding was brought by the petitioner under subdivision 1 of section 332 of the Election Law to cancel the enrollment of the respondent as a member of the Demo-

cratic party of the county of Kings. In support of the petition the petitioner adduced certain evidence as follows:

Record of registration: the respondent registered in the years, at the addresses and in the election and assembly districts as indicated:

1945 — 9303 Shore Road — 46th Election District, 9th Assembly District.

1946 — 7719 18th Avenue — 40th Election District, 19th Assembly District.

1947 — 7719 18th Avenue — 40th Election District, 19th Assembly District.

1948 — 9303 Shore Road — 46th Election District, 9th Assembly District.

1949 — 7719 18th Avenue — 37th Election District, 19th Assembly District.

The petition alleges that respondent in a verified affidavit dated May 25, 1950, requested that his enrollment be transferred from the thirty-seventh Election District of the nineteenth Assembly District to the fortieth Election District of the nineteenth Assembly District.

The respondent by lease dated March 12, 1937, became the tenant of premises 9303 Shore Road in Kings County for a term of four years, which term has since expired, but the occupancy thereof has continued under the terms of the lease either by automatic renewals of terms of one year or under the emergency rent laws. The family of the respondent apparently at all times since the tenancy began of said premises has remained in occupancy thereof to the present time. It is indicated by the evidence that such family consists of the wife of the respondent and an unmarried son. The respondent is a lawyer engaged in practice in Kings County and, judging from the photograph introduced in evidence of premises 9303 Shore Road, it would appear that he either enjoys a good practice or is a man of some substance. The photographs introduced in evidence of premises 7719 18th Avenue show a marked contrast in places of living abode to such an extent as to at least excite the curiosity of anyone as to why, except for reasons of financial necessity, one who has enjoyed the luxurious living quarters at 9303 Shore Road, would abandon them and his family to establish a domicile in premises such as 7719 18th Avenue. The petitioner claims that the respondent is in fact domiciled at 9303 Shore Road, and to support his contention has sought to show that all of the acts of the respondent indicate that respondent has

been and is actually domiciled at 9303 Shore Road and that the claimed domicile at 7719 18th Avenue is merely for the purpose of gaining personal advantages to the respondent that might result in a claimed domicile at the latter address. The records of the New York Telephone Company indicate that the telephone installed in premises 9303 Shore Road is listed under the name of Joseph F. Pinto but that the bills for telephone services have always been sent to and presently are being forwarded to respondent and that no telephone service has ever been applied for by the respondent in premises 7719 18th Avenue. Significance is given to this fact by virtue of the vocation of the respondent and for what is deemed a necessary utility at the domicile of an active practicing attorney in Kings County. The records of the Consolidated Edison Company indicate that for the year 1949 and up to the present time electric current is supplied to premises 9303 Shore Road and bills for such service from April 6, 1937, to the present time have been rendered to the respondent. There is no record of any service being supplied to the respondent at 7719 18th Avenue. Kings County Lighting Company since April, 1937, has supplied gas to the premises 9303 Shore Road and rendered bills therefor to the respondent. No such service has been applied for by the respondent at 7719 18th Avenue. The records of the John Hughes Council of the Knights of Columbus of which the respondent is a member indicate that bills for membership dues have been sent to 9303 Shore Road and that there has been no change indicating a domicile at any other address to which such bills have been forwarded. People residing in premises 7719 18th Avenue and in adjoining premises testified that they have not seen the respondent in, on or about premises 7719 18th Avenue at any time and never knew of him as living there. Other people, living in the vicinity of 9303 Shore Road, have testified that they have seen the respondent in, on or about the premises 9303 Shore Road at various times and since June, 1949, to the present time. The letter carrier, who delivers mail to the premises 9303 Shore Road, has testified that he has been on the route which includes such premises for twenty-eight years, knows the premises and the fact that the respondent's family lives there and that he has delivered mail to the respondent almost daily at that address for the last year and a half and up to the present time; that he has frequently and continuously seen respondent in or about the premises for the last year and a half. Another witness testified that he visited the respondent at 9303 Shore Road either late in December, 1949,

or early in January, 1950. There is also evidence to indicate that it has been to the advantage of the respondent to vote from the nineteenth Assembly District, as his political activities and associations have been stronger in such assembly district than elsewhere. The automobile registration of the automobile owned by the respondent is stamped by the Motor Vehicle Bureau with date of November 4, 1949, and has his residence thereon at 9303 Shore Road. Respondent's automobile operator's license, issued on the 25th of August, 1949, indicates his residence at 9303 Shore Road.

In rebuttal the respondent sought to show that he established a domicile at 7719 18th Avenue at various times by moving some clothes there, a portable typewriter, a small typewriter table and a lamp. The respondent claims he actually lived at 7719 18th Avenue with the consent of his wife to whom he has been and is happily married and with the understanding it was done to further his political ambitions. In attempting to describe the premises, his room and stores in the immediate vicinity, the respondent was unable to do so with clarity and precision to the extent that one who lived at such premises as long as he claims should be able to do. The respondent claims he was domiciled with some relatives of his daughter. This is a fact to be given deserving weight with all other facts in this proceeding.

The respondent's testimony convinced me of only one matter and that is that he established what is known in political parlance as a voting residence. On the respondent's testimony alone, judging him as I saw and heard him, I am convinced that he was not in fact domiciled at 7719 18th Avenue.

The only corroboration of the respondent's testimony was given by the letter carrier who delivered mail at 7719 18th Avenue for the past two years and who claims he delivered mail at such address directed to the respondent. Again seeing and hearing such witness, I was impressed that his testimony was too good and was not to be accepted as credible.

The law is clear that a person may select and make his own domicile but such selection must be followed by proper action, motives being immaterial except as they indicate intent but no pretense or deception can be practiced, for the intention must be honest, the action genuine and the evidence to establish both clear and convincing. Residence and domicile have been held to be synonymous under our Election Law and domicile means living in a place with an intent to make it a fixed and permanent abode as contrasted with residence which simply requires

bodily presence as an inhabitant. To acquire a domicile there must be a present, definite and honest intent to give up the old and take up the new place as a domicile. The question of domicile is one of fact. The evidence indicates that the respondent did at least for the purpose of enrollment, declare himself as a resident of 7719 18th Avenue for the years 1946, 1947 and 1949, but such declaration of residence is merely a statement of the respondent and all of the convincing evidence indicates that in fact his domicile was at 9303 Shore Road. It is not customary, ordinary or natural for a man in the respondent's position in life and engaged in the practice of law, apart from family or matrimonial difficulties, of which there is no evidence in this proceeding, to be domiciled separate and apart from his wife and family. All of those things necessary in ordinary life to a man in respondent's circumstances are not indicated to be present at his claimed address of 7719 18th Avenue. Those things which a person does to indicate a change of domicile, such as changing forwarding address, receiving his mail and bills for telephone, gas and electric service, indicating his correct address, as required by law, on automobile registration and automobile operator's license, are all absent in this proceeding. If, in fact, respondent was a resident of, or domiciled at, his claimed address, his presence thereat would have manifested itself at least to some degree at some times to other people living in or about such claimed address. Except for the meagre testimony of the postman produced by the respondent he was unknown and unseen at the claimed address.

I find as a fact that respondent was not domiciled at 7719 18th Avenue but was domiciled at 9303 Shore Road, that his declared residence in his enrollment in 1949 in the thirty-seventh Election District of the nineteenth Assembly District as a member of the Democratic party was false and made for the purpose of deception and to gain whatever personal advantages he could derive therefrom by registering as an enrolled voter at such address. Having perpetrated a fraud, respondent may not benefit therefrom and as a result thereof seek to change his enrollment from the thirty-seventh Election District of the nineteenth Assembly District to the fortieth Election District of the nineteenth Assembly District. The evidence justifies the granting of the relief requested in the petition and the commissioners of the board of elections of the city of New York are directed to strike the name of the respondent from its books as an enrolled voter of the Democratic party of the thirty-seventh Election District of the nineteenth Assembly District. Submit order in accordance with foregoing.