■ In the Matter of JOHN T. GALLAGHER, Appellant, v. DAVID N. DINKINS et al., Constituting the Board of Elections of the City of New York, and JACK R. MURATORI et al., Respondents.— In a proceeding to invalidate petitions designating respondent Muratori as a candidate in the Republican Party Primary Election to be held on June 4, 1973 for nomination for the public office of Councilman at Large of the City of New York from the Borough of Queens, the appeal is from a judgment of the Supreme Court, Queens County, entered May 4, 1973, which, *inter alia*, dismissed the proceeding. Judgment affirmed, without costs. This case does not involve an address assumed for the purposes of this election. Both addresses, to wit: on 32nd Avenue and on 143rd Street, in Queens, were equally valid jurisdictionally for the office in question. There was no need to adopt a fictitious address for the purpose of this election. The address on 143rd Street is one with which respondent Muratori has had a long-time and continuous association, being the location where he lived and attained maturity and where his father and other relatives continue to reside. The proof is that he receives mail at the 143rd Street address and that, during the summer, while his family is away, he sometimes lives in the 143rd Street house. He has been registered to vote and has continuously voted from the 143rd Street address, except in 1964 following his purchase of the 32nd Avenue home and in another year when he and his wife occupied an apartment else-

where. The fact pattern is that following his marriage he acquired a home of his own, but nevertheless maintained actual and simultaneous use of his family home and his own, as two places of residence, and he has been meaningfully and intimately connected with both homes. His whole political career has been associated with the address employed in the designated petitions. There is no rule which prohibits a candidate for public office from having two residences; and, where the record is clear, as at bar, that both residences are places where he maintains significant and legitimate attachments, it is for him to decide which address he considers as his voting address. At bar, we find that respondent Muratori continued to use the 143rd Street address, which was his original domicile, as a location at which he occasionally lived and as one from which he has consistently voted. The 143rd Street address represents a place of residence based on express intent, coupled by physical manifestation, without any aura of sham. Under these circumstances, respondent Muratori was free to choose the 143rd Street address as his voting and campaign address (*Matter of Gladwin* v. *Power*, 21 A D 2d 665, affd. 14 N Y 2d 771; see, also, *Matter of Newcomb*, 192 N. Y. 238). In view of his continuity of conduct "evincing an intention to be and remain a resident of" the 143rd Street premises, "as well as a continuous voting record from said address for several years last past," the trier of the facts had the right to find that the 143rd Street address constituted a proper voting and campaign address for Muratori (*Matter of Bressler* v. *Holt-Harris*, 37 A D 2d 898, affd. 30 N Y 2d 529). On the basis of this record, which shows that no reason existed to assume a residence for the purpose of voting, that no fraud or deception has been practiced and that there is a long history of the residence employed, it would seem to be a frustration of the elective process to deprive a major political party of its candidate for a major office. Rabin, P. J., Shapiro, Gulotta and Benjamin, JJ., concur; Martuscello, J., dissents and votes to reverse and to grant the application, with the following memorandum: The record makes it clear that respondent Muratori lives with his wife and six children at premises No. 156–04 32nd Avenue, in the County of Queens; that the 1963 deed to him and his wife for the real property at that 32nd Avenue address gives his previous residence as No. 149–35 25th Avenue, in Whitestone, Queens County; that his children are registered from the 32nd Avenue address for attendance at parochial and public schools; that he receives utility bills at the same 32nd Avenue address; that he gave his 32nd Avenue address as his legal residence when qualifying for licenses as a notary public and as an operator of a motor vehicle; that he used the 32nd Avenue address as his place of legal residence when completing data for his employment records with the New York Department of State and his pension benefits with the State Comptroller's office; that he used the 32nd Avenue address as his place of legal residence when opening a savings account and in listing his residence telephone number; and that his wife used that address when she registered to vote. In addition, when called as a witness in this very proceeding, he stated that he resided at premises No. 156–04 32nd Avenue and that prior to 1963 he did not vote from premises No. 149–35 25th Avenue, but had continued a previous registration and had voted at all times from premises No. 30–11 143rd Street, a one-family residence, in Flushing, Queens County. The only exceptions were 1964, when he used the 32nd Avenue address, and one other year. The record further makes it clear that the only purpose for which Muratori admittedly used the address at No. 30–11 143rd Street was purely for political purposes. Actually these premises are occupied by two families, consisting of Muratori's father, his brother and sister-in-law, and the latter's two children, and contains only three bedrooms

occupied respectively by the father, the brother and sister-in-law, and the children. Muratori testified that he was at No. 30–11 143rd Street only during summertime periods when his family was away at their summer home, during which times he spent his days in town staying with his brother and father. Under all of the circumstances related I am of the opinion that Muratori's use of premises No. 30–11 143rd Street as his place of legal residence in the designating petitions in issue was not a mere irregularity. There is no such thing as a special residence for campaign purposes (cf. *Matter of Scarfone* v. *Ruggieri*, 197 Misc. 1007, affd. 277 App Div. 931, affd. 301 N. Y. 662).