Per Curiam.

Order of the Appellate Division reversed, without costs, and the order and judgment of Special Term reinstated.
The Board of Elections, after striking 650 signatures, had originally found that respondents were short 37 valid signatures of the 2,000 required to support their designation. In the section 330 proceeding, at the hearing, petitioner in the presentation of his prima facie case relied only on this 37 signature deficiency. Respondents on their case were able to restore as valid between 114 and 122 signatures previously rejected by the Board of Elections for technical irregularities which Special Term disregarded, namely, 11 for improper designation of notaries public as commissioners of deeds, 33 for lack of an extra date line at the left side of the page, 45 for error in the number recited in the "jurat”, and 25 for designation of the wrong ward election district. Another 8 were validated despite technical errors in names or hypertechnical finding of illegibility. Thus concluded respondents’ initial presentation.
On rebuttal, however, petitioner asserted with a particularized list that some 195 signatures, not previously rejected by the Board of Elections, were invalid for duplications, of which 187 were duplications of signatures also included in petitioner’s designating petitions of the same or earlier date, and 8 of which were internal duplications in respondents’ petitions.
Special Term directed that the lists be submitted to the Board of Elections for verification. The board, in addition to the 650 signatures it had originally invalidated, then found 164 invalid duplications of signatures also included in petitioner’s designating petitions of the same or earlier date. Except for some general language about valid signatures without any supporting detail in their brief or elsewhere presented to the court, respondents do not supply any substitute valid signatures from the 650 stricken by the Board of Elections to offset the 164 duplications. Respondents, therefore, were still short at least 79 valid signatures.
Although respondents were successful in establishing the validity of at least between 114 and 122 signatures, they, as *789 noted, failed to. overcome the proof that 164 signatures were invalid for duplications on the designating petitions. Contrary to the argument of respondents the section 330 petition alleged, among other things, such duplications and, hence, the proof received on rebuttal was within the pleadings. Moreover, it was at least discretionary with Special Term to allow such proof on rebuttal so long as it was within the pleadings. The proof had not been necessary until respondents had, on their case, overcome the alleged deficiencies in signatures (37) found by the Board of Elections.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order reversed, etc.