(April 27, 1983)

■ In the Matter of CURTIS W. GREGORY, Appellant-Respondent, v BOARD OF ELECTIONS OF THE CITY OF NEW YORK, Respondent, and JOAN A. GILL, Respondent-Appellant. In the Matter of JOAN GILL, Respondent-Appellant, v BOARD OF ELECTIONS OF THE CITY OF NEW YORK, Respondent, and CURTIS W. GREGORY, Appellant-Respondent. — In proceedings to (1) invalidate the petition designating Joan A. Gill as a candidate in the election to be held on May 3, 1983 for the office of member of the New York City Community School Board, District 17, and (2) validate said petition, Curtis W. Gregory appeals and Joan A. Gill cross-appeals from a judgment of the Supreme Court, Kings County (Dowd, J.), dated April 8, 1983, which granted the application to validate the petition and denied the application to invalidate said petition. Cross appeal dismissed,

without costs or disbursements. Respondent-appellant is not aggrieved by the judgment (CPLR 5511). The issues raised by the cross appeal are brought up for review and have been considered on appellant-respondent's appeal (CPLR 5501, subd [a]). Judgment reversed, on the facts, without costs or disbursements, application to invalidate granted and petition invalidated; the board of elections is directed to remove the name of Joan A. Gill from the ballot for the position in question. The proceeding to validate is dismissed on the ground that Joan A. Gill is not an aggrieved candidate within the meaning of section 16-102 of the Election Law. The order to show cause by which the proceeding to invalidate was instituted provided for service by ordinary mail, or personal service or by the "nail and mail" method. The last day to institute the proceeding was March 14, 1983. The order to show cause was signed on March 11, 1983. That evening, the order to show cause and invalidation petition were mailed to Mrs. Gill by certified mail, return receipt requested. On March 16, 1983, Mrs. Gill received notice of the attempted delivery of the mail and she picked it up at the post office the following day. Nevertheless, Mrs. Gill appeared in court and proceeded to litigate this matter. It was not until midway into the proceedings in court that she raised the question of defect in service. We agree with Special Term that Mrs. Gill's personal active participation on the merits waived any challenge to service (see *Matter of Banks v Larkin,* 39 AD2d 951). We do not agree, however, that Mrs. Gill is a resident of the community school board district in which she is a candidate for office. Mrs. Gill testified that since October, 1982, she has resided at 466 Albany Avenue, Brooklyn, a location within the community school board district. Nevertheless, she did not turn on any utility until March 22, 1983, subsequent to the commencement of the proceeding to invalidate. Until that time, she allegedly used two large flashlights and a beacon lantern to illuminate her apartment. Additionally, the furniture in the apartment at the Albany Avenue address was sparse and Mrs. Gill possessed no cooking utensils at that apartment. She ate "most of [her] meals on the run" and slept there only sporadically. This is in contrast to Mrs. Gill's use of her former address at 6 East 57th Street, Brooklyn, a home that she owns jointly with her husband, from whom she now claims to be separated. She admitted, however, that she occasionally sleeps there. Mrs. Gill further testified that she visits her former residence on East 57th Street daily. She receives all of her mail at the East 57th Street address, except for mail from the board of elections. She registered with the board of elections at her Albany Avenue address on January 11, 1983 and claimed to have lived there for three months. Yet, in the preceding November, 1982 election she voted in the election district covering her East 57th Street address. Subdivision 22 of section 1-104 of the Election Law provides that the term "residence" means a "place where a person maintains a fixed, permanent and principal home and to which he, wherever temporarily located, always intends to return". It is clear that the apartment at 466 Albany Avenue was not Mrs. Gill's "residence" as that term is defined in the Election Law and, therefore, the invalidation petition should have been granted (cf. *Matter of Berman v Weinstein,* 64 AD2d 940). In view of our decision, we need not reach the remaining contentions. Thompson, Weinstein and Rubin, JJ., concur.

Titone, J. P., and Lazer, J., concur in part and dissent in part, with the following memorandum: At the outset, we agree that Joan Gill's application to validate her nominating petition was rendered moot by the fact that the board of elections had validated that petition. We vote to dismiss the application to invalidate for lack of jurisdiction. As the majority has indicated, Mrs. Gill did not receive the order to show cause and its accompanying papers until March 17, 1983, three days after the last day to commence this proceeding. The

method of service utilized by Mr. Gregory, was not one of the alternatives provided in the order to show cause by which he sought to bring on his invalidation proceeding. Had Mr. Gregory simply deposited a postpaid envelope containing the order in a mail depository on March 11, 1983 as provided by the order, it seems rather likely that it would have been received by March 14, 1983, the last day to institute such proceeding. Instead, he elected to use certified mail, return receipt requested, a method not mentioned in the order. This method is a more restrictive type of service than ordinary mail (cf. *Matter of King v Cohen,* 293 NY 435, 439; *Matter of Butler v Gargiulo,* 77 AD2d 939), and we do not believe that it was reasonably calculated to give Mrs. Gill timely notice (see, also, *Matter of Floyd v Coveney,* 83 AD2d 897; *Matter of Buhlmann v Le Fever,* 83 AD2d 895, affd 54 NY2d 775), which, indeed, it did not. Since the invalidation proceeding against Mrs. Gill was thus untimely instituted, if it was instituted at all, the court was without jurisdiction to entertain it. Mrs. Gill's participation in the invalidation proceeding is of no help to Mr. Gregory's cause since subject matter jurisdiction cannot be waived (*Robinson v Oceanic Steam Nav. Co.,* 112 NY 315, 324; *Marine Midland Bank v Bowker,* 89 AD2d 194, 195-196; *Zurich Ins. Co. v Evans,* 90 Misc 2d 286, 287). We, therefore, find it unnecessary to reach the merits of the case. However, if we were to do so, we would concur with the majority that Mrs. Gill is not a resident of the community school board district in which she is a candidate for office.