■ In the Matter of MARTIN MARKOWITZ, Respondent, v MAURICE A. GUMBS, Appellant, and ROBERT S. BLACK et al., Respodents-Respondents.—In a proceeding to invalidate a petition designating Maurice A. Gumbs as a candidate in the Democratic Party primary election to be held on September 9, 1986, for the public office of New York State Senator from the 21st Senatorial District, the appeal is from a judgment of the

Supreme Court, Kings County (Dowd, J.), dated August 4, 1986, which granted the application.

Judgment affirmed, without costs and disbursements.

The petitioner contends that the appellant failed to comply with the 12-month residency requirement contained in the New York State Constitution (NY Const, art III, § 7). A person's residence is based largely on his intent to remain at or return to a specific abode (see, Election Law § 1-104 [22]; *Matter of Altimari v Meisser,* 23 AD2d 865, *revd on other grounds* 16 NY2d 629). As used in the Election Law, the term "residence" is synonymous with "domicile" (see, Gassman, Election Law § 101). The question of domicile is one of fact based on a variety of circumstances (see, *Matter of Newcomb,* 192 NY 238, 250; *see also, Matter of Gregory v Board of Elections,* 93 AD2d 894, *affd* 59 NY2d 668). At the hearing, there was conflicting testimony concerning the date upon which candidate Gumbs became a resident of the 21st Senatorial District. The resolution of the conflict is within the province of the hearing court as the finder of fact, and should not be disturbed on appeal unless it is obvious that the court's conclusion could not be reached under any fair interpretation of the evidence (see, *Matter of Poggemeyer,* 87 AD2d 822, 823). The evidence supports the conclusion that candidate Gumbs was not a resident of the 21st Senatorial District for the requisite 12-month period. Bracken, J. P., Niehoff, Eiber and Spatt, JJ., concur.