■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL Y., Appellant. [638 NYS2d 814] —Peters, J.

On this appeal, defendant seeks to dismiss the indictment by challenging the residency of the Assistant District Attorney who presented his case to the Grand Jury. While County Court noted that it was undisputed that the Assistant District Attorney was a resident of Warren County at the time of its decision and order, there was some question as to whether he was a resident of the county at the time he presented the matter to the Grand Jury. Even presuming that the Assistant District Attorney was not a resident at the time of presentment, County Court properly found that "such non-residency, while not condoned by this court, did not result in a *per se* impairment of the integrity of the Grand Jury proceedings, thereby causing risk of prejudice" (*see*, CPL 210.35 [5]; *People v Munoz*, 153 AD2d 281, *lv denied* 77 NY2d 880). Referencing *People v Carter* (77 NY2d 95, 110, *cert denied* 499 US 967) and distinguishing *People v Di Falco* (44 NY2d 482), County Court's adherence to the principles of *People v Dunbar* (53 NY2d 868) and *People v Munoz* (*supra*) warrants our affirmance of its judgment.

Mindful that there is no statutory prohibition preventing a public officer from having two residences (*see*, *Matter of Gallagher v Dinkins*, 41 AD2d 946) and that a change of residence, even for a short time, when combined with a good-faith intention to change domicile will have the effect of creating two residences (*see*, *Matter of Hosley v Curry*, 85 NY2d 447; *Matter of Newcomb*, 192 NY 238, 250-251), we find no basis to disturb County Court's determination.

Cardona, P. J., White and Spain, JJ., concur. Ordered that the judgment is affirmed.