■ In the Matter of PHILIP ROSENTHAL, Appellant, v ANN M. KELLY et al., Respondents, and PHILIP SIMON et al., Respondents. [713 NYS2d 128] —In a proceeding pursuant to Election Law § 16-102, *inter alia*, to validate petitions designating Philip Rosenthal as a candidate in a primary election to be held on September 12, 2000, for the nomination of the Democratic Party as its candidate for the public office of Trustee in the Village of Spring Valley, the appeal is from a final order of the Supreme Court, Rockland County (Sherwood, J.), dated August 9, 2000, which denied the petition and dismissed the proceeding.

Ordered that the final order is affirmed, without costs or disbursements.

The petitioner alleged that the respondent Philip Simon abandoned his domicile in the Village of Spring Valley, and therefore his position as a Trustee in the Village of Spring Valley became vacant.

"For a change to a new domicile to be effected, there must be a union of residence in fact and an 'absolute and fixed intention' to abandon the former and make the new locality a fixed and permanent home" (*Matter of Hosley v Curry,* 85 NY2d 447, 451, quoting *Matter of Newcomb,* 192 NY 238, 251). The party alleging the change of domicile has the burden of proving the change by clear and convincing evidence (*see, Matter of Hosley v Curry, supra*). Under the circumstances, the petitioner has failed to meet his burden. Mangano, P. J., Thompson, Sullivan, Krausman and Goldstein, JJ., concur.