In the Matter of ALAN THOMPSON et al., Respondents, v RYAN KARBEN, Appellant, et al., Respondent. [743 NYS2d 175] —In a proceeding pursuant to Election Law §§ 16-108 and 16-110 to cancel the voter registration and Democratic Party enrollment of Ryan Karben, County Legislator for District Number 7 in the 92nd Assembly District, Ryan Karben appeals, as limited by his brief, from so much of a final order of the Supreme Court, Rockland County (O'Rourke, J.), dated May 7, 2002, as, after a hearing, granted the petition and

directed the Rockland County Board of Elections to cancel his voter registration and Democratic Party enrollment.

Ordered that the final order is reversed insofar as appealed from, on the law, without costs or disbursements, the petition is dismissed, and the Rockland County Board of Elections is directed to reinstate the voter registration and Democratic Party enrollment of Ryan Karben.

The appellant, Ryan Karben, is an elected County Legislator for District Number 7 in the 92nd Assembly District in Rockland County. The petitioners commenced this proceeding pursuant to Election Law §§ 16-108 and 16-110, seeking the cancellation of Karben's voter registration and Democratic Party enrollment, claiming that Karben is unlawfully registered to vote from 15 Josell Court (in Legislative District Number 7) since his residence is 18 Charlotte Drive (in Legislative District Number 4). After a hearing, the Supreme Court concluded that the appellant did not intend to make 15 Josell Court his permanent home and directed the Rockland County Board of Elections to cancel his voter registration and Democratic Party enrollment. We reverse the final order insofar as appealed from.

Election Law article 5 provides that in order to be qualified to register to vote from a particular county, city or village in this state, a person must be a resident of that place for a minimum of 30 days preceding the next election (see Election Law § 5-102 [1]). A voter's registration shall be cancelled if he has "[m]oved his [or her] residence outside the city or county in which he [or she] is registered" (Election Law § 5-400 [1]). A person's residence for voting purposes "shall be deemed to mean that place where a person maintains a fixed, permanent and principal home and to which he [or she], wherever temporarily located, always intends to return" (Election Law § 1-104 [22]). The Court of Appeals has stated that the crucial factor in determining if an individual is qualified to register and vote from a particular residence is whether he or she has manifested an intent to adopt that residence as a permanent and principal home, coupled by his or her physical presence there, " 'without any aura of sham' " (People v O'Hara, 96 NY2d 378, 385, quoting Matter of Gallagher v Dinkins, 41 AD2d 946, 947).

The petitioners adduced insufficient proof to support the conclusion that Karben did not reside at 15 Josell Court, despite the fact that he also maintains a connection with the house he owns at 18 Charlotte Drive. On the other hand, Karben submitted copies of his 2002 vehicle registration, 2000 and

2001 federal income tax returns, 2002 property tax bill, a May 2001 paycheck stub, and 2000 and 2001 retirement account statements all showing his address as 15 Josell Court. He also testified that he has been a signatory on the mortgage of 15 Josell Court since 1999, that he keeps personal belongings at that address, and that his family's "intention is * * * to be at 15 Josell Court. That's what we think is going to work for our family over the long haul [although] at the present time we are maintaining two residences."

Accordingly, on the record before us, we conclude that the petitioners did not sustain their evidentiary burden (see *Matter of Hosley v Curry,* 85 NY2d 447; *Matter of Rosenthal v Kelly,* 275 AD2d 429). Prudenti, P.J., Santucci, Altman and Goldstein, JJ., concur.