(August 23, 2002)

■ In the Matter of LOLA M. CAMARDI, Appellant, v GARY SINAWSKI et al., Respondents, et al., Respondents. [746 NYS2d 489]

The Supreme Court erred in concluding that the appellant failed to sustain her burden of proving that Gary Sinawski was not a resident of the 16th Assembly District, Nassau County, for the 12 months immediately preceding the primary election to be held on September 10, 2002 (*see* Election Law § 2-102 [3]). "Residence" is "deemed to mean that place where a person maintains a fixed, permanent and principal home and to which he [or she], wherever temporarily located, always intends to return" (Election Law § 1-104 [22]). There was testimony adduced at the hearing that Sinawski moved to Graywood Road in Port Washington, Nassau County, on October 31, 2000. However, in addition to other indications that he still resides in New York City, Sinawski's driver's license and attorney registration filed with the Office of Court Administration still list his address as West 43rd Street in New York County. Furthermore, Sinawski, a practicing Election Law attorney, did not change his voter registration to Nassau County until October 12, 2001, and admitted to voting on November 7, 2000, from New York County while ostensibly residing in Nassau County. In addition, on his 2000 New York State Resident Income Tax Return, filed in 2001, Sinawski listed New York as his county of residence and Manhattan as his School District. Accordingly, the appellant met her burden of proving by clear and convincing evidence that Sinawski was not a resident of Nassau County during the requisite time period (*see Matter of Hosley v Curry,* 85 NY2d 447).

Since Sinawski was a subscribing witness to some of the signatures on the designating petition, it must be invalidated as to both candidates (*see* Election Law § 6-132 [2]; *Matter of Lemishow v Black,* 104 AD2d 460, *affd* 63 NY2d 684; *Matter of Ramos v Gomez,* 196 AD2d 620). Ritter, J.P., Smith, S. Miller, H. Miller and Townes, JJ., concur.