The last day to file a proceeding to validate a designating petition, pursuant to Election Law § 16-102, was August 9, 2004. The Supreme Court properly determined that the proceeding was untimely commenced since the petitioners filed their order to show cause with the County Clerk on August 10, 2004 (*see* Election Law § 16-102; CPLR 304; *Matter of Fry v Village of Tarrytown,* 89 NY2d 714 [1997]). Prudenti, P.J., Luciano, Schmidt and Adams, JJ., concur.

■ In the Matter of JENNY FERNANDEZ et al., Respondents, v ABNER O. MONEGRO, Appellant, et al., Respondent. [780 NYS2d 741]—

In a proceeding pursuant to Election Law § 16-102 to invalidate a petition designating Abner O. Monegro as a candidate in a primary election to be held on September 14, 2004, for the Democratic Party position of Assembly District Leader (Male) for the 35th Assembly District, Part B, Abner O. Monegro appeals from a final order of the Supreme Court, Queens County (O'Donoghue, J.), dated August 11, 2004, which granted the petition and invalidated the designating petition.

Ordered that the final order is affirmed, without costs or disbursements.

The petitioners established, by clear and convincing evidence (*see Matter of Camardi v Sinawski,* 297 AD2d 357, 358 [2002]), that the appellant did not reside at the address listed as his residence on his designating petition (*see* Election Law § 6-132 [1];

*Matter of Eisenberg v Strasser*, 100 NY2d 590, 591 [2003]). "As used in the Election Law, the term 'residence' is synonymous with 'domicile' " (*Matter of Markowitz v Gumbs*, 122 AD2d 906, 907 [1986]). "The crucial determination whether a particular residence complies with the requirements of the Election Law is that the individual must manifest an intent [to reside there], coupled with physical presence 'without any aura of sham' " (*People v O'Hara*, 96 NY2d 378, 385 [2001], quoting *Matter of Gallagher v Dinkins*, 41 AD2d 946, 947 [1973]; *see* Election Law § 1-104 [22]).

The question of residence is a factual one, based on a variety of factors and circumstances (*see Matter of Markowitz v Gumbs, supra* at 907). Where there is conflicting testimony, the resolution of the conflict lies within the province of the trial court, as the finder of fact, and should not be disturbed on appeal unless "it is obvious that the court's conclusion could not be reached under any fair interpretation of the evidence" (*id.* at 907). Here, the evidence adduced at the trial supported the Supreme Court's conclusion that the appellant did not reside at the address listed as his residence on his designating petition.

Accordingly, the Supreme Court properly granted the petition and invalidated the appellant's designating petition (*see Matter of Eisenberg v Strasser, supra; Matter of Markowitz v Gumbs, supra*). Prudenti, P.J., Luciano, Schmidt and Adams, JJ., concur.