(August 16, 2006)

■ In the Matter of KEN DIAMONDSTONE, Respondent, v MARTIN E. CONNOR, JR., et al., Appellants, et al., Respondent.

(Proceeding No. 1.) In the Matter of MARK STEIN et al., Appellants, v KEN DIAMONDSTONE, Respondent, et al., Respondent. (Proceeding No. 2.) [819 NYS2d 486]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petitions designating Ken Diamondstone as a candidate in a primary election to be held on September 12, 2006, for the nominations of the Democratic Party and the Working Families Party, respectively, as the candidate for the public office of State Senator for the 25th Senatorial District, and a related proceeding, inter alia, to invalidate the same designating petitions on the ground that the candidate does not meet the statutory residency requirements, which proceedings were jointly tried, Martin E. Connor, Jr., Mark Stein, Naftali Ausch, and Martin Connor appeal from a final order of the Supreme Court, Kings County (Harkavy, J.), dated August 11, 2006, which granted the petition to validate, denied the petition to invalidate, and directed the Board of Elections of the City of New York to place the name of Ken Diamondstone on the appropriate ballot.

Ordered that the final order is affirmed, without costs or disbursements.

The Supreme Court properly determined that the candidate was a resident of the 25th Senatorial District for the 12 months immediately preceding the election. The question of residence is a factual one, based on a variety of factors and circumstances (*see Matter of Fernandez v Monegro,* 10 AD3d 429 [2004]; *Matter of Markowitz v Gumbs,* 122 AD2d 906 [1986]). The trial court, which had the advantage of viewing the witnesses and listening to their testimony, was in the best position to assess credibility and reconcile conflicting testimony (*see Barnet v Cannizzaro,* 3 AD2d 745, 747 [1957]). The Supreme Court's determination that the candidate resided at the address listed as his residence on his designating petitions should not be disturbed (*cf. Matter of Fernandez v Monegro, supra; Matter of Camardi v Sinawski,* 297 AD2d 357, 358 [2002]).

In light of our determination, we need not reach the remaining contentions. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.