■ In the Matter of DALTON D. ROBINSON et al., Appellants, v WELLINGTON SHARPE, Respondent, et al., Respondent. [820 NYS2d 617]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Wellington Sharpe as a candidate in a primary election to be held on September 12, 2006, for the nomination of the Democratic Party as its candidate for the public office of Member of the Assembly, 58th Assembly District, the petitioners appeal from a final order of the Supreme Court, Kings County (Levine, J.), dated August 11, 2006, which, after a hearing, denied the petition and dismissed the proceeding.

Ordered that the final order is reversed, on the law and the facts, without costs or disbursements, the petition is granted, the designating petition is invalidated, and the Board of Elections of the City of New York is directed to remove the name of Wellington Sharpe from the appropriate ballot.

Contrary to the Supreme Court's conclusion, the evidence established that Wellington Sharpe was not a resident of the 58th Assembly District "for the twelve months immediately preceding his . . . election" (NY Const, art III, § 7; *see Matter of Fernandez v Monegro*, 10 AD3d 429 [2004]; *Matter of Camardi v Sinawski*, 297 AD2d 357 [2002]).

Residence is "deemed to mean that place where a person maintains a fixed, permanent and principal home and to which

he [or she], wherever temporarily located, always intends to return" (Election Law § 1-104 [22]). Here, the evidence established that, from 1978 through December 2005 or January 2006, Sharpe resided at 3617 Clarendon Road in Brooklyn, which is located in the 58th Assembly District. On December 28, 2005, Sharpe executed a deed transferring ownership of the Clarendon Road building to his two children, and soon thereafter moved out. Of the four apartments in that building, only two are occupied, including the one formerly occupied by Sharpe. Sharpe maintained no utilities at the Clarendon Road address after January 2006 and cancelled his telephone service at that address on January 19, 2006. Although one of the current tenants testified that an unoccupied apartment at the Clarendon Road address was being renovated, there was no evidence that Sharpe intended to move into that apartment.

After moving out of the Clarendon Road apartment, Sharpe moved into a house that he owned, outside of the 58th Assembly District, at 1400 Schenectady Avenue in Brooklyn, where he maintains gas, electric, and telephone service. Sharpe also became president of the Schenectady Avenue Block Association, and hosted a meeting of that organization at his Schenectady Avenue house, at which he represented to community members that it was his home. Furthermore, on the deed for the sale of his Clarendon Road house, Sharpe listed 1400 Schenectady Avenue as his address.

Accordingly, the evidence established that Sharpe was not a resident of the 58th Assembly District throughout the requisite time period (*see Matter of Camardi v Sinawski, supra*). Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.