■ In the Matter of HOWARD A. SHAFER et al., Appellants, v LEO E. DORSEY, JR., Respondent, et al., Respondent. [840 NYS2d 843]—

Per Curiam. Appeal from an order of the Supreme Court (Devine, J.), entered August 10, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petitions naming respondent Leo E. Dorsey, Jr. as the Democratic Party and Independence Party candidate for the public office of Member of the Albany County Legislature for the 36th Legislative District in the September 18, 2007 primary election.

Petitioners commenced this Election Law proceeding to invalidate the designating petitions filed by respondent Leo E. Dorsey, Jr. purporting to name him as the candidate of the Democratic Party and Independence Party for the public office of Member of the Albany County Legislature for the 36th Legislative District in the September 18, 2007 primary election. The petition alleged that Dorsey did not maintain a bona fide residence within the 36th Legislative District for the requisite period of one year prior to January 1, 2008, the date upon which he would assume office if elected (*see* Albany County Charter § 202). Following an evidentiary hearing on the matter, Supreme Court found that petitioners failed to demonstrate a lack of appropriate residency by Dorsey and, as such, it dismissed the petition. This appeal by petitioners ensued.

Petitioners have the burden of establishing by clear and convincing evidence that the address that Dorsey listed on his designating petitions was not his residence (*see Matter of Fernandez v Monegro*, 10 AD3d 429, 429-430 [2004]). Election Law § 1-104 (22) defines a residence as "that place where a person maintains a fixed, permanent and principal home and to which he [or she], wherever temporarily located, always intends to return." Critical to a determination that a certain residence is in compliance with the mandates of the Election Law is a finding that the individual manifests an intent, along with a physical presence, " 'without any aura of sham' " (*People v O'Hara*, 96 NY2d 378, 385 [2001], quoting *Matter of Gallagher v Dinkins*, 41 AD2d 946, 947 [1973], *affd* 32 NY2d 839 [1973]).

The hearing evidence established that Dorsey maintains dual residences in the Town of Bethlehem, Albany County, one of which, 296 Creble Road, is within the 36th Legislative District. In October 2006, Dorsey registered to vote at 296 Creble Road and, in December 2006, he advised the Delmar Fire District's Board of Commissioners that he would have to resign his position as a Fire Commissioner because his residence at 296 Creble Road was outside the district's geographical boundaries.

In our view, the record evidence sufficiently demonstrates

that Dorsey has maintained a "legitimate, significant and continuing attachment[ ]" to 296 Creble Road (*People v O'Hara, supra* at 385). Accordingly, with emphasis on Dorsey's "expressed intent and conduct" (*id.* at 384), and finding no fraudulent or deceptive motive in Dorsey's choice of residence (*id.* at 385), we discern no basis to disturb Supreme Court's order.

In light of our disposition, the remaining issues are academic.

Crew III, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.