■ In the Matter of TOBY ANN STAVISKY, Respondent, v PETER A. KOO, Appellant, et al., Respondent. [863 NYS2d 87]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate petitions designating Peter A. Koo as a candidate in a primary election to be held on September 9, 2008, for the nominations of the Republican Party, the Conservative Party, and the Independence Party, respectively, as their candidate for the public office of State Senator for the 16th Senatorial District, Peter A. Koo appeals from (1) an order of the Supreme Court, Queens County (Dollard, J.), dated August 14, 2008, which denied his motion to dismiss the petition pursuant to CPLR 3016 (b), (2) a final order of the same court, also dated August 14, 2008, which, after a hearing, granted the petition and invalidated the designating petitions, and (3) a final order of the same court, also dated August 14, 2008, which, after the hearing, denied his cross petition to validate the designating petitions.

Ordered that the appeal from the order dated August 14, 2008, denying the motion of Peter A. Koo to dismiss the petition pursuant to CPLR 3016 (b) is dismissed, without costs or disbursements; and it is further,

Ordered that the final orders dated August 14, 2008, are reversed, on the facts, without costs or disbursements, the petition is denied, the cross petition is granted, the designating

petitions are validated, and the Board of Elections in the City of New York is directed to place the name of Peter A. Koo on the appropriate ballot.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the final orders in the proceeding (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeals from the final orders (see CPLR 5501 [a] [1]).

The petitioner contends that the petitions designating the appellant, Peter A. Koo, as a candidate in the primary election to be held on September 9, 2008, for the nominations of the Republican Party, the Conservative Party, and the Independence Party, respectively, as their candidate for the public office of State Senator for the 16th Senatorial District, should be invalidated on the ground that Koo has not resided in that district for 12 months preceding the general election to be held on November 4, 2008. Specifically, the petitioner contends that Koo does not reside at the two-bedroom condominium at 133-24 41st Avenue in Flushing, which is located within the 16th Senatorial District and is listed on the designating petitions as his residence, but resides in a four-bedroom home in Port Washington, which is located outside of the 16th Senatorial District. NY Constitution, article III, § 7, with certain exceptions not relevant here, mandates that a candidate for the State Senate cannot serve unless he or she has been a resident of the relevant senatorial district for 12 months immediately preceding his or her election.

Contrary to Koo's contention, the Supreme Court properly denied his motion to dismiss the petition pursuant to CPLR 3016 (b) since the petition provided "the court and [the] parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved" (CPLR 3013; see Matter of Klein v Garfinkle, 12 AD3d 604, 605 [2004]). We nonetheless deny the petition on the merits and grant Koo's cross petition to validate his designating petitions.

The petitioner has the burden of establishing by clear and convincing evidence that the address listed on Koo's designating petitions was not his residence for the requisite period of time (see Matter of Shafer v Dorsey, 43 AD3d 621, 622 [2007]; Matter of Johnson v Simpson, 43 AD3d 478 [2007]). "Clear and convincing evidence is defined as follows: 'a party who must establish (his, her) case by clear and convincing evidence must satisfy [the trier of fact] that the evidence makes it highly probable

that what (he, she) claims is what actually happened' " (*Matter of Poldrugovaz*, 50 AD3d 117, 127 [2008], quoting NY PJI 1:64). Election Law § 1-104 (22) defines residence as "that place where a person maintains a fixed, permanent and principal home and to which he [or she], wherever temporarily located, always intends to return." In order to be a resident of a place, a person must be physically present with the intent to remain for a time (*see People v O'Hara*, 96 NY2d 378, 384 [2001]). While "New York Courts have recognized that in this modern and mobile society, an individual can maintain more than one bona fide residence . . . , for the purposes of the Election Law, one cannot create an address solely for the purpose of circumventing residency requirements" (*id.* at 384-385 [citations omitted]). "As used in the Election Law, the term 'residence' is synonymous with 'domicile' " (*Matter of Markowitz v Gumbs*, 122 AD2d 906, 907 [1986]; *see Matter of Fernandez v Monegro*, 10 AD3d 429, 430 [2004]). "The crucial [factor in the] determination [of] whether a particular residence complies with the requirements of the Election Law is that the individual must manifest an intent, coupled with physical presence 'without any aura of sham' " (*People v O'Hara*, 96 NY2d at 385, quoting *Matter of Gallagher v Dinkins*, 41 AD2d 946, 947 [1973]).

At the hearing on the petition and cross petition, Koo testified that he did not own the residence at 133-24 41st Avenue, but he began residing there in January 2007. Koo and his wife testified that they spent approximately four to five days per week at 133-24 41st Avenue, and only spent their weekends in Port Washington in order to maintain that home. Evidence adduced at the hearing demonstrated that Koo paid more than $24,000 in New York City resident income taxes for tax year 2007, that his driver's license designated his residence as 133-24 41st Avenue since August 2007, and that he has been registered to vote at that residence since at least May 2007.

The question of residence is a factual one, based on a variety of factors and circumstances (*see Matter of Fernandez v Monegro*, 10 AD3d at 430). Where there is conflicting testimony, the resolution of the conflict lies, in the first instance, within the province of the hearing court, as the finder of fact. However, "[w]here, as here, a case is tried without a jury, the Appellate Division's 'authority is as broad as that of the trial court . . . and as to a bench trial it may render the judgment it finds warranted by the facts' " (*Matter of Lehrer v Cavallo*, 43 AD3d 1059, 1061 [2007], quoting *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Here, the evidence adduced at the trial did not warrant the Supreme

Court's conclusion that the petitioner met her evidentiary burden (*see Matter of Thompson v Karben,* 295 AD2d 438, 440 [2002]) of establishing that the appellant did not reside at the address listed as his residence on his designating petitions.

Accordingly, the Supreme Court should have denied the petition to invalidate Koo's designating petitions, and granted Koo's cross petition to validate his designating petitions (*see Matter of Diamondstone v Connor,* 32 AD3d 482, 483 [2006]; *cf. Matter of Eisenberg v Strasser,* 100 NY2d 590, 591 [2003]; *People v O'Hara,* 96 NY2d 378 [2001]; *Matter of Fernandez v Monegro,* 10 AD3d 429 [2004]). Rivera, J.P., McCarthy, Dickerson, Leventhal and Belen, JJ., concur.