■ In the Matter of Kevin C. Willis, Appellant, v Suffolk County Board of Elections et al., Respondents, Anita S. Katz, Commissioner of the Suffolk County Board of Elections, Appellant, and Dean T. Hough, Respondent. [862 NYS2d 608]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Dean T. Hough as a candidate in a primary election to be held on September 9, 2008, for the nomination of the Democratic Party as its candidate for the public office of Member of the Assembly, 3rd Assembly District, the petitioner appeals, and Anita S. Katz, a Commissioner of the Suffolk County Board of Elections, separately appeals, from a final order of the Supreme Court, Suffolk County (Weber, J.), which, after a hearing, denied the petition and dismissed the proceeding.

Ordered that the appeal by Anita S. Katz is dismissed as academic, without costs or disbursements; and it is further,

Ordered that on the appeal by the petitioner, the final order is reversed, on the law, without costs or disbursements, the petition is granted, the designating petition is invalidated, and the Suffolk County Board of Elections is directed to remove the name of Dean T. Hough from the appropriate ballot.

Pursuant to Election Law § 1-104 (22), a residence is that place where a person maintains a fixed, permanent, and principal home and to which he or she, wherever temporarily located, always intends to return. As used in the Election Law, the term "residence" is synonymous with "domicile" (*see Matter of Fernandez v Monegro*, 10 AD3d 429, 430 [2004]). "The crucial [factor in the] determination [of] whether a particular residence complies with the requirements of the Election Law is that the individual must manifest an intent [to reside there], coupled with physical presence 'without any aura of sham' " (*People v O'Hara*, 96 NY2d 378, 385 [2001], quoting *Matter of Gallagher v Dinkins*, 41 AD2d 946, 947 [1973], *affd* 32 NY2d 839 [1973]).

For a change in domicile to be accomplished, there must be a union of residence in fact and an absolute and fixed intention to abandon the former locality and make the new locality a fixed and permanent home. The party challenging domicile has the burden of proof by clear and convincing evidence (*see Matter of Rosenthal v Kelly*, 275 AD2d 429 [2000]).

Here, the petitioner showed by clear and convincing evidence

that the respondent Dean T. Hough changed his domicile from New York to Illinois. Hough did not maintain a residence in fact in New York. He had grown up in Suffolk County, and lived in a house owned by his parents in Shoreham until moving to Illinois with his wife and son in November 2004. He did not own property in New York at the time of the move, nor was he renting a residence. He had not voted in New York since 1992. He did not own the home in Shoreham, either jointly or in his own name. There was no evidence that he visited the Shoreham residence frequently while living with his family in Illinois, or that he kept any personal items there (*cf. Matter of Hosley v Curry*, 85 NY2d 447, 450 [1995]). There was no proof that Hough received mail at his parents' house in Shoreham, or that he lived in that house for any period of time while living with his family in Illinois, such that he maintained actual and simultaneous use of both his parents' house and his own house in Illinois (*cf. Matter of Gallagher v Dinkins*, 41 AD2d 946 [1973], *affd* 32 NY2d 839 [1973]). Furthermore, Hough changed his attorney registration, filed with the Office of Court Administration, to list his address in Illinois, and he has not yet changed it to a New York address (*see Matter of Camardi v Sinawski*, 297 AD2d 357 [2002]). Although Hough expressed at the hearing that he always intended to return to New York, intention without residence is of no avail (*see Galbraith v New York Conservative Party*, 155 AD2d 183 [1990]).

In view of the foregoing, the contentions raised in support of, and in opposition to, the appeal taken by Anita S. Katz have been rendered academic. Mastro, J.P., Fisher, Santucci, Eng and Chambers, JJ., concur.