Motion by the appellant, inter alia, in effect, for leave to reargue a decision and order of this Court dated August 18, 2010, which determined an appeal from a final order of the Supreme Court, Suffolk County, dated August 9, 2010.
Upon the papers filed in support of the motion and in opposition thereto, it is
Ordered that the branch of the motion which is, in effect, for leave to reargue is granted, and the motion is otherwise denied; and it is further,
Ordered that the decision and order of this Court dated August 18, 2010 (76 AD3d 650 [2010]), is recalled and vacated, and the following decision and order is substituted therefor:
In a proceeding pursuant to Election Law § 16-102 to invalidate petitions designating Regina M. Calcaterra as a candidate in a primary election to be held on September 14, 2010, for the nominations of the Democratic Party and the Working Families Party, respectively, for the public office of State Senator, 1st Senatorial District, and, in effect, to declare that she was not eligible for these nominations and to direct the respondent members of the Suffolk County Board of Elections to *686 strike her name from the Democratic and Working Families party lines on the certified ballot, Regina M. Calcaterra appeals from so much of a final order of the Supreme Court, Suffolk County (Bivona, J.), dated August 9, 2010, as, after a hearing, in effect, granted those branches of the petition which were, in effect, to declare that she was not eligible for the nominations of the Democratic Party and the Working Families Party, respectively, for the public office of State Senator, 1st Senatorial District, and to direct the respondent members of the Suffolk County Board of Elections to strike her name from those party lines on the certified ballot.
Ordered that the final order is affirmed insofar as appealed from, without costs or disbursements.
Contrary to the appellant’s contention, under the circumstances of this case, the Supreme Court correctly determined that the appellant was properly served.
The petitioners established, by clear and convincing evidence, that the appellant failed to meet the constitutional and statutory residency requirements (see NY Const, art III, § 7; Election Law § 6-122; Matter of Willis v Suffolk County Bd. of Elections, 54 AD3d 436, 437 [2008]; Matter of Stavisky v Koo, 54 AD3d 432, 433 [2008]; Matter of Fernandez v Monegro, 10 AD3d 429 [2004]; Matter of Camardi v Sinawski, 297 AD2d 357, 358 [2002]). “As used in the Election Law, the term residence is synonymous with domicile” (Matter of Stavisky v Koo, 54 AD3d at 434, quoting Matter of Markowitz v Gumbs, 122 AD2d 906, 907 [1986] [internal quotation marks omitted]; see Matter of Fernandez v Monegro, 10 AD3d 429 [2004]). “The crucial determination whether a particular residence complies with the requirements of the Election Law is that the individual must manifest an intent [to reside there], coupled with physical presence ‘without any aura of sham’ ” (People v O’Hara, 96 NY2d 378, 385 [2001], quoting Matter of Gallagher v Dinkins, 41 AD2d 946, 947 [1973]; see Election Law § 1-104 [22]; Matter of Willis v Suffolk County Bd. of Elections, 54 AD3d at 437; Matter of Stavisky v Koo, 54 AD3d at 434; Matter of Fernandez v Monegro, 10 AD3d 429 [2004]).
“The question of residence is a factual one, based on a variety of factors and circumstances” (Matter of Diamondstone v Con-nor, 32 AD3d 482, 483 [2006]; see Matter of Fernandez v Monegro, 10 AD3d at 430). Here, the evidence adduced at the hearing supported the Supreme Court’s determination that the appellant failed to meet the constitutional and statutory residency requirements (see Matter of Willis v Suffolk County Bd. of Elections, 54 AD3d at 437; Matter of Ramos v Gomez, 196 *687 AD2d 620, 621 [1993]; Matter of Carey v Foster, 164 AD2d 930 [1990]; Matter of Thompson v Hayduk, 45 AD2d 955, 956 [1974], affd 34 NY2d 980 [1974]).
Accordingly, we affirm the final order insofar as appealed from. Rivera, J.P., Santucci, Angiolillo, Eng and Hall, JJ., concur.