■ In the Matter of HARRIS WEISS et al., Appellants, v ZEPHYR R. TEACHOUT, Respondent, et al., Respondent. [991 NYS2d 654]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Zephyr R. Teachout as a candidate in a primary election to be held on September 9, 2014, for the nomination of the Democratic Party as its candidate for the public office of governor of the State of New York, the petitioners appeal, as limited by their brief, from so much of a final order of the Supreme Court, Kings County (Walker, J.), dated August 11, 2014, as, after a hearing, denied the petition, inter alia, to invalidate and dismissed the proceeding.

Ordered that the final order is affirmed insofar as appealed from, without costs or disbursements.

The New York Constitution requires that a candidate for the office of governor reside within the state for the five-year period immediately preceding the election (*see* NY Const, art IV, § 2). The Election Law defines the term "residence" as "that place where a person maintains a fixed, permanent and principal home and to which he [or she], wherever temporarily located, always intends to return" (Election Law § 1-104 [22]; *see Matter of Stewart v Chautauqua County Bd. of Elections*, 14 NY3d 139, 146 [2010]; *People v O'Hara*, 96 NY2d 378, 384 [2001]; *Matter of Willis v Suffolk County Bd. of Elections*, 54 AD3d 436, 437

[2008]; *Matter of Stavisky v Koo*, 54 AD3d 432, 434 [2008]; *Matter of Fernandez v Monegro*, 10 AD3d 429, 430 [2004]; *Matter of Camardi v Sinawski*, 297 AD2d 357 [2002]; *Matter of Thompson v Karben*, 295 AD2d 438, 439 [2002]). Thus, "[a]s used in the Election Law, the term 'residence' is synonymous with 'domicile' " (*Matter of Stavisky v Koo*, 54 AD3d at 434 [internal quotation marks omitted]; *see Matter of Chaimowitz v Calcaterra*, 76 AD3d 685, 686 [2010]; *Matter of Fernandez v Monegro*, 10 AD3d at 430; *Matter of Markowitz v Gumbs*, 122 AD2d 906, 907 [1986]). Although "[t]he crucial determination whether a particular residence complies with the requirements of the Election Law is that the individual must manifest an intent [to reside there], coupled with physical presence 'without any aura of sham' " (*People v O'Hara*, 96 NY2d at 385, quoting *Matter of Gallagher v Dinkins*, 41 AD2d 946, 947 [1973], *affd* 32 NY2d 839 [1973]; *see Matter of Palla v Suffolk County Bd. of Elections*, 31 NY2d 36, 47 [1972]), the party challenging residence has the burden of proof by clear and convincing evidence (*see Matter of Chaimowitz v Calcaterra*, 76 AD3d at 686; *Matter of Willis v Suffolk County Bd. of Elections*, 54 AD3d at 437; *Matter of Fernandez v Monegro*, 10 AD3d at 429; *Matter of Camardi v Sinawski*, 297 AD2d at 358; *Matter of Rosenthal v Kelly*, 275 AD2d 429 [2000]).

"The question of residence is a factual one, based on a variety of factors and circumstances" (*Matter of Chaimowitz v Calcaterra*, 76 AD3d at 686 [internal quotation marks omitted]; *see Matter of Diamondstone v Connor*, 32 AD3d 482, 483 [2006]). Although Zephyr R. Teachout has resided in several different residences within the City of New York since 2009, while maintaining close connections to her childhood domicile of Vermont, that is nothing more than an ambiguity in the residency calculus. However, the burden in this proceeding is not on Teachout to establish residency, but rather, upon the petitioners to establish by clear and convincing evidence that she does not meet the residency requirements established by article IV, § 2 of the New York Constitution. The Supreme Court's determination that the petitioners failed to meet their burden of demonstrating that Teachout did not meet the constitutional residency requirements for the office of governor is warranted by the facts (*see* NY Const, art IV, § 2; Election Law § 1-104 [22]; *People v O'Hara*, 96 NY2d at 385; *Matter of Newcomb*, 192 NY 238, 250 [1908]; *Matter of Chaimowitz v Calcaterra*, 76 AD3d at 686; *Matter of Willis v Suffolk County Bd. of Elections*, 54 AD3d at 437; *Matter of Stavisky v Koo*, 54 AD3d at 434; *Matter of Rosenthal v Kelly*, 275 AD2d at 429). Accordingly, the Supreme Court properly denied the petition, inter

alia, to invalidate the petition designating Teachout as a candidate for the public office of governor and dismissed the proceeding. Skelos, J.P., Balkin, Lott and LaSalle, JJ., concur.