■ In the Matter of PENELOPE J. MARCHIONDA, Appellant, v TODD J. CASELLA et al., Respondents. (Appeal No. 1.) [61 NYS3d 746]—

Appeal from an order of the Supreme Court, Yates County (John J. Ark, J.), entered August 17, 2017 in a proceeding pursuant to the Election Law. The order denied the petition, validated the designating petition of respondent Todd J. Casella and directed respondent Yates County Board of Elections to place respondent Todd J. Casella's name on the ballot as a candidate for the office of District Attorney of Yates County for the Republican Party primary on September 12, 2017.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the petition is granted, the designating petition is invalidated, and respondent Yates County Board of Elections is directed to remove respondent Todd J. Casella's name from the ballot as a candidate in the Republican Party primary election for the office of District Attorney of Yates County, to be held on September 12, 2017.

Memorandum: In appeal No. 1, Penelope J. Marchionda (Marchionda), the petitioner in appeal No. 1 and a respondent in appeal No. 2, appeals from an order that denied her petition, validated the designating petition of Todd J. Casella (Casella), a respondent in appeal No. 1 and the petitioner in appeal No. 2, for the position of District Attorney of Yates County on the Republican Party primary election ballot, and directed the Yates County Board of Elections (Board), a respondent in appeal Nos. 1 and 2, to place Casella's name on the ballot for that position in the Republican Party primary election. In appeal No. 2, Marchionda appeals from an order that granted Casella's petition seeking to validate his designating petitions for that same position on the primary election ballots of the Independence Party and Reform Party and ordered that the Board place Casella's name on the ballots for that position in the Independence Party and Reform Party primaries.

In appeal No. 1, we conclude that Supreme Court erred in denying the petition, validating the designating petition, and ordering that the Board place Casella's name on the ballot as a candidate for the District Attorney of Yates County in the Republican Party primary election (*see Matter of Eisenberg v Strasser*, 100 NY2d 590, 591 [2003]; *Matter of Fernandez v Monegro*, 10 AD3d 429, 430 [2004]). We agree with Marchionda that she established that Casella did not reside at the address that he listed as his residence on his designating petition (*see* Election Law § 6-132 [1]; *Eisenberg*, 100 NY2d at 591). "As used in the Election Law, the term 'residence' is synonymous with 'domicile' . . . The crucial determination whether a particular residence complies with the requirements of the Election Law is that the individual must manifest an intent [to reside there], coupled with physical presence 'without any aura of sham' " (*Fernandez*, 10 AD3d at 430; *see Matter of Glickman v Laffin*, 27 NY3d 810, 815 [2016]). Here, the evidence adduced at the hearing established that Casella had moved from the address listed on his designating petition months prior to the petition's circulation.

In appeal No. 2, we reject Marchionda's contention that Casella's designating petitions for the Independence Party and the Reform Party must be invalidated because he failed to designate himself as either a notary public or commissioner of deeds when he notarized various sheets of those petitions. The failure of Casella to identify himself as such "constituted a mere technical defect, [inasmuch] as [he] stated [his] identification number[ ] and the expiration date of [his] office[ ] as notar[y] public" on the designating petitions (*Matter of Hudson v Board of Elections of City of N.Y.*, 207 AD2d 508, 509 [1994]; *see Matter of Kolken v Mahoney*, 49 AD2d 798, 798 [1975], *revd on other grounds* 37 NY2d 787 [1975]). Present—Centra, J.P., NeMoyer, Troutman and Winslow, JJ.